■ EMPIRE BIAS BINDING COMPANY, INC., Plaintiff, v ANDROS REALTY CORP. et al., Defendants. (Action No. 1.) NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, v ANDROS REALTY CORP., Appellant, et al., Defendant. (Action No. 2.) [619 NYS2d 745] —In related actions, *inter alia,* to recover damages for negligence, and for subrogation, the defendant Andros Realty Corp. appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 12, 1993, which denied its motion for summary judgment dismissing the complaint in Action No. 2 insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Andros Realty Corp. for summary judgment dismissing the complaint in Action No. 2 insofar as it is asserted against it is granted.

Empire Bias Binding Company, Inc., as tenant, and the defendant Andros Realty Corp., as landlord, entered into a commercial lease. Shortly after the tenant moved into the premises, a fire damaged the tenant's property. The fire was allegedly caused by the negligence of the codefendant who, at the landlord's request, was doing plumbing repair work at the premises. The tenant received compensation for part of its loss from its own insurance carrier, New York Property Insurance

Underwriting Association, and commenced Action No. 1 to recover the uncompensated losses. The tenant's carrier commenced Action No. 2 for subrogation. The only issue on appeal is whether the commercial lease precludes the carrier's subrogation action.

We find that pursuant to the lease, the waiver of subrogation clause (paragraph 9) is applicable to damages to the tenant's personal property. While the lease contains a provision (paragraph 8) allowing the tenant to sue the landlord when the landlord's negligence is allegedly the cause of damage to the tenant's property, that provision is not inconsistent with the waiver of subrogation provision. It is apparent from the terms of the lease that the waiver in paragraph 9 is effective only to the extent that insurance is in force and collectible and that paragraph 8 comes into play only if the tenant is not fully compensated by its own carrier (cf., Continental Ins. Co. v Faron Engraving Co., 179 AD2d 360). Accordingly, the carrier's subrogation action is barred by the terms of the lease, and the landlord's motion for summary judgment dismissing the subrogation action insofar as it is asserted against the landlord is granted. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.