■ KAF-KAF, INC., Appellant, v RODLESS DECORATIONS, INC., Respondent. (Action No. 1.) RODLESS DECORATIONS, INC., Respondent, v KAF-KAF, INC., et al., Appellants, et al., Defendants. (Action No. 2.) (And a Related Action.) [648 NYS2d 1008] —In two related subrogation actions, inter alia, to recover damages for negligence, Kaf-Kaf, Inc., and Kachan Shoes, Inc., appeal from an order of the Supreme Court, Queens County (Golar, J.), dated June 16, 1995, which (1) upon granting Rodless Decorations, Inc., leave to amend its answer in Action No. 1 to assert as an affirmative defense a waiver of subrogation clause contained in the lease between the parties, granted its motion for summary judgment dismissing the complaint in Action No. 1, and (2) denied the cross motion of Kaf-Kaf, Inc., and Kachan Shoes, Inc., for summary judgment dismissing the complaint in Action No. 2.

Ordered that the appeal from so much of the order as denied the cross motion for summary judgment dismissing the complaint in Action No. 2, is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that Rodless Decorations, Inc., is awarded one bill of costs.

Rodless Decorations, Inc. (hereinafter Rodless), owned a building in Hollis, New York, and as landlord, rented a portion of it to Kaf-Kaf, Inc. (hereinafter Kaf-Kaf), as tenant, pursuant to a written lease. In May 1983, while the lease was in effect, a fire broke out at the leased premises. Kaf-Kaf submitted a claim for personal property damage to its insurance carrier, National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereinafter National Union) which National Union paid. In May 1984, National Union, as subrogor of Kaf-Kaf, and in Kaf-Kaf's name, commenced Action No. 1 against Rodless to recover the amount it paid to its insured, Kaf-Kaf.

Action No. 2, also a subrogation action, was commenced in 1984 by Industrial Risk Insurers (hereinafter IRI) as the insurance carrier and subrogee of Rodless, and in Rodless' name, against, *inter alia,* Kaf-Kaf, for damage to the building and fixtures caused by the fire.

The Supreme Court did not improvidently exercise its discretion in granting Rodless leave to amend its answer to include an affirmative defense based on a waiver of subrogation clause contained in the lease. Leave to amend will be freely granted absent a showing of prejudice or surprise *(see,* CPLR 3025 [b]; *Quiros v Polow,* 135 AD2d 697, 699). There was no such showing here.

The Supreme Court properly awarded Rodless summary judgment dismissing National Union's subrogation action, as the lease's waiver of subrogation clause applied to damages to Kaf-Kaf's personal property *(see, Empire Bias Binding Co. v Andros Realty Corp.,* 210 AD2d 198). Contrary to Kaf-Kaf's contention, the clause was not expressly restricted to claims of destruction to the demised premises *(see, Continental Ins. Co. v Faron Engraving Co.,* 179 AD2d 360).

Kaf-Kaf's appeal from so much of the order dated June 16, 1995, as denied its motion for summary judgment, is academic, as the Supreme Court subsequently granted the requested relief *(see, Rodless Decorations v Kaf-Kaf, Inc.,* 232 AD2d 620 [decided herewith]). Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.