■ RODLESS DECORATIONS, INC., Appellant, v KAF-KAF, INC., et al., Respondents, et al., Defendants. (And Related Actions.) [648 NYS2d 710] —In a subrogation action, *inter alia,* to recover damages for negligence, the plaintiff, Rodless Decorations, Inc., appeals from an order of the Supreme Court, Queens County (Golar, J.), dated October 23, 1995, which, upon granting leave to the defendants Kaf-Kaf, Inc., and Kachan Shoes, Inc., to amend their answer, granted their renewed cross motion for summary judgment dismissing the complaint insofar as asserted against them on the basis of a waiver of subrogation clause in the lease between the parties.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the plaintiff, Rodless Decorations, Inc. (hereinafter the appellant), the Supreme Court did not improvidently exercise its discretion in granting leave to the defendants Kaf-Kaf, Inc., and its subsidiary Kachan Shoes, Inc., to amend their answer to include an affirmative defense based on a waiver of subrogation clause contained in the lease between the parties. It is well settled that leave to amend will be freely granted absent a showing of prejudice or surprise *(see,* CPLR 3025 [b]; *Quiros v Polow,* 135 AD2d 697, 699). The

record demonstrates that the appellant's insurance carrier, as its subrogee, had actual knowledge as early as 1986 of the existence of the mutual waiver of subrogation clause contained in paragraph 9 of the lease, as well as actual knowledge that the insurance policy it issued to the appellant allowed for such a waiver. Accordingly, the appellant cannot now claim surprise or prejudice by the defendants' belated assertion of such a defense *(see, Kaf-Kaf, Inc. v Rodless Decorations,* 232 AD2d 610 [decided herewith]).

The remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.