◼ JOSEPH M. CANTANUCCI et al., Appellants, v. RELIANCE INSURANCE COMPANY, Respondent.— Appeal from a judgment of the Supreme Court in favor of defendant, entered November 3, 1972 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury, dismissing the complaint. In this action to recover for losses sustained by plaintiffs under an insurance contract, the following facts were stipulated: Plaintiffs are the owners of premises located in the City of Troy, New York, consisting of a one and one-half story frame dwelling with a full basement and foundation walls consisting of concrete and stone. The loss in question was caused by water below the surface of the ground which had escaped from a ruptured sewer line buried below plaintiffs' foundation wall. The water eroded the soil causing the foundation wall to sag and crack. It was stipulated that sewer lines ran from two neighboring dwellings and joined into a sewer line east of the plaintiffs' premises. The sewer line thereafter extended westerly to plaintiffs' premises where it ran under the north foundation wall, approximately two or three inches below the footing which supported said foundation wall and continued westerly to the city sewer main located to the west of plaintiffs' premises. The plaintiffs' waste pipe extended downwards inside and adjacent to the north foundation wall of their cellar floor and joined the sewer line beneath the footings of the north foundation wall of plaintiffs' premises. No part of the sewer line was owned or under the control of the City of Troy and the city was under no duty or obligation to maintain or repair the same. It was further stipulated that there was no break in plaintiffs' waste line at any time and the only break was along a seven-foot segment of the afore-mentioned sewer line as the same ran east and west under the north foundation wall of plaintiffs' premises. The plaintiffs' waste line adjoined the sewer pipe midway along the broken segment. Defendant had in effect a policy of homeowner's insurance. Peril 12 of section 1 thereof insured against loss by "Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system * * *." The policy also contained General Exclusions, which included the following: "This Company shall not be liable: (a) as respects Perils * * * 12 * * * for loss caused directly or indirectly by earthquake, volcanic eruption, landslide or other earth movement; (b) as respects Perils * * * 12 * * * for loss caused by, resulting from, contributed to or aggravated by any of the following * * * (2) water which backs up through sewers or drains: (3) water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors". The trial court agreed with plaintiffs' contention that the sewer line which ruptured was indeed a part of the plumbing system within the meaning of Peril 12. Nevertheless, the court felt that plaintiffs were barred by the provisions of that paragraph of the General Exclusions regarding "water below the surface of the ground" (General Exclusion [b] [3]). At the outset it should be stated that we concur in the decision of the Trial Judge that the sewer line was part

of plaintiffs' plumbing system. In *People* v. *Osborne* (149 Misc. 676, 680) the term "plumbing" was defined as follows: "'A plumber's occupation; the art or trade of putting into buildings the tanks, pipes, traps, fittings and fixtures for conveying water, gas, and sewage; the installing, altering, or repairing of pipes, tanks, faucets, valves or other fixtures through which gas, water, waste, or sewage is conducted and carried * * *. Also the pipes, fittings, and fixtures themselves for the conveyance of sewage from private dwellings'". And in *Bregman* v. *Winkler* (120 Misc. 483, 484) the Appellate Term said: "The word 'plumbing' has been defined in a number of cases, all of which distinctly limit it to work in and about water supply, drainage and sewerage systems." Since the broken sewer pipe was the primary outlet for plaintiffs' waste pipe, there can be no doubt that the sewer pipe was part of the plumbing system. Any leakage as a result of the break therein would be "accidental" within the language of Peril 12. We disagree, however, with the holding of the trial court that the claim is barred by General Exclusion (b) (3). Although the court did not attempt to define exclusion (b) (3), it held that no interpretation other than one requiring dismissal of the claim could be adopted without rendering the exclusion meaningless. In our view, however, the exclusion should be construed as applicable to water which is below the surface of the ground as a result of natural causes, and not water which happens to be found below the surface as a result of artificial devices such as pipes. To adopt the trial court's interpretation would result in an unintended distinction whereby a leak from a plumbing system would be covered if the damaged pipe was above ground but would be excluded if the pipe was below the surface. Had the defendant wished to create such a distinction so as to exclude coverage only for accidental discharge, leakage or overflow which takes place below the surface, it could have done so by express language to that effect. By construing the exclusion to apply only to water below the surface due to natural causes, effect is given to the well-settled principle that provisions of an insurance policy are to be harmonized and that ambiguities must be resolved in favor of the insured. A construction favorable to the insurer will only be sustained where it is the sole construction which can fairly be placed upon the words employed (see *Bronx Sav. Bank* v. *Weigandt,* 1 N Y 2d 545, 551; *Hartol Prods. Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 49). *Park* v. *Hanover Ins. Co.* (443 S. W. 2d 940 [Tex.]), relied on by the trial court, is not in point. In that Texas case, the insured relied upon a general "all risks" clause, as against an exclusion for water below the surface of the ground. There was no specific coverage for leakage or overflow from a plumbing system which had to be reconciled with a conflicting exclusion, as there would be in the present case if the trial court's interpretation were adopted. Since the facts stipulated do not allow a reasonable inference either that the water causing the loss here backed up "through sewers and drains", within exclusion (b) (2), or that there was "earth movement" within the meaning of exclusion (a), judgment should be directed to be entered in favor of the plaintiffs in the amount of the stipulated damages. Judgment reversed, on the law, and judgment directed to be entered in favor of plaintiffs in the amount of $5,000, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.