ANNE POPKIN et al., Appellants, v SECURITY MUTUAL INSUR-ANCE COMPANY OF NEW YORK, Respondent.

First Department, May 13, 1975

*George Popkin* for appellants.

*Leo E. Berson (Adolph B. Salib* and *Philip Hoffer* with him on the brief), attorney for respondent.

LUPIANO, J. In this action to recover the sum of $54,130.62 on a policy of insurance issued by the defendant, the plaintiffs appeal from an order of Special Term which denied their motion for summary judgment. The plaintiffs purchased an all-risk policy of insurance from the defendant with respect to their building at 225 East 79th Street, New York, New York. This policy was in effect on May 10, 1972, when the premises were damaged as a consequence of large amounts of water entering the basement of the building. Upon the defendant's refusal to pay the claim asserted by plaintiffs under the policy to recover for the damage sustained, this action, based on the alleged breach of the insurance contract and for attorneys' fees, was instituted.

It is clear, on this record, that on May 10, 1972, a water main owned by the City of New York located in the street bed on East 80th Street between Second and Third Avenues in Manhattan, broke and large amounts of water poured forth. A portion of this water entered the rear yard and basement of plaintiffs' building which was south of and in proximity to the broken main, causing extensive damage. Defendant denies liability for the loss, relying on article VI of the policy entitled "Exclusions", subdivisions C2 through C4 which provide that the policy does not insure against "loss caused by, resulting from, contributed to or aggravated by any of the following: * * * 2. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water or spray from any of the foregoing, all whether driven by wind or not; 3. water which backs up through sewers or drains; 4. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors". In taking this position, defendant

would make the action of the water flowing in large amounts from the broken main, cascading into the street, backing up sewers and effecting property damage, a condition within the ambit of the exclusionary clause exempting "flood" from coverage. It is well recognized that the construction of a plain contract involves a question of law and is a matter for the court to determine from the terms contained in such contract. "In a written contract the word obtains its meaning from the sentence, the sentence from the paragraph, and the latter from the whole document, all based upon the situation and circumstances existing at the execution of the agreement. Particular terms and expressions are to be considered in their context and in the light of the intention of the parties as manifested by the agreement as a whole" (10 NY Jur, Contracts, § 195). *"Noscitur a sociis"* is an old fundamental maxim which summarizes the rule both of law and of language that associated words explain and limit each other. In effect, it is a rule of construction whereby the meaning of a word in a provision may be ascertained by a consideration of the company in which it is found and the meaning of the words which are associated with it.

In Webster's Third New International Dictionary (1962), "flood" is successively defined as "a body of moving water (as a river or stream) esp. when large * * * the flowing in of the tide * * * a rising and overflowing of a body of water that covers land not usually under water * * * an outpouring of considerable extent * * * a great downpour". Given its ordinary meaning, the term "flood" in the context of the insurance agreement, does not encompass water damage sustained as the result of a broken water main. It connotes an inundation; a deluge. Even assuming that the word "flood" is to be given a more generic meaning as an overflowing abundance or a great quantity, it must be noted that the other terms utilized in the exclusionary clause containing such word relate to natural phenomena. "Where comprehensive words in a contract are followed by an enumeration of specific things, under the rule of ejusdem generis the things coming within the comprehensive words will be limited to those of a like nature to those enumerated" (10 NY Jur, Contracts, § 217). The underlying authority for the application of the *ejusdem generis* rule is the rule of construction known as *"noscitur a sociis",* delineated above. To reiterate, on this record, defendant does not dispute that the water damage was occasioned by

the bursting water main and even cites the description of the events delineated in an article appearing in the *New York Times* (May 11, 1972): "The police first noticed a geyser in the street just in front of the DeWitt Nursing Home at 212 East 80th Street at 5:30 A.M. * * * Garages under large apartment houses were *flooded* to depths of two feet, with the water rising above the hubs of the cars. Three basement boutiques on the block and a hand laundry were also inundated, as were at least two apartments" (defendant's emphasis supplied). Defendant insurance company further asserts that there was such a great amount of water that there was a backup of sewers or drains in the area and avers that this action by the flowing water necessarily comes within the ambit of exclusionary subdivision C3. This contention is without merit. The water damage for which plaintiffs seek to recover did not occur because water backed up through sewers or drains *independent* of the water main break. It was the water main break itself which caused the damage and as a corollary caused the backup of the sewers. Common sense dictates that these events are inseparable. Further, defendant has the burden of showing that the plaintiffs' claim comes within the exclusionary clauses enumerated above. The record is barren of any evidentiary showing by defendant that the circumstances which caused the damage to the plaintiffs are embraced within such exclusionary conditions.

Similarly, it does not avail defendant to conclusorily contend that the plaintiffs' claim is barred by virtue of subdivision C4 of the exclusionary provisions of the insurance contract. Patently, the condition referred to therein, to wit, loss caused by water below the surface of the ground exerting pressure and thereby entering the premises, did not occur and defendant fails to demonstrate the applicability of this provision.

The final defense urged by defendant is that there was a willful and gross exaggeration of the amount of damages sustained and that this conduct by plaintiffs serves to vitiate the insurance policy. This assertion must be viewed in the context of the present record wherein plaintiffs at least documented the amount of damage and defendant merely included a letter from an adjuster which was not documented and was couched in conclusory language opining that the loss would be approximately $14,000. It is axiomatic that a party who opposes summary judgment must reveal his proofs in order to

show that matters set up in his answer are real and can be established upon a trial *(Di Sabato v Soffes,* 9 AD2d 297). This, defendant has failed to do. Thus, on the issue of liability under the insurance agreement, plaintiffs are entitled to prevail.

The order of the Supreme Court, New York County (STECHER, J.), entered October 3, 1974, denying plaintiffs' motion for summary judgment, should be reversed, on the law, with costs and disbursements, and the motion granted on the issue of liability and the matter remanded for an assessment of damages.

MARKEWICH, J. P., KUPFERMAN, MURPHY and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on October 3, 1974, unanimously reversed, on the law, the motion granted on the issue of liability, and the matter remanded for an assessment of damages. Plaintiffs-appellants shall recover of defendant-respondent $60 costs and disbursements of this appeal.