**ROBERT DORSEN, INC., Plaintiff,**

v.

**AETNA CASUALTY & SURETY CO., Defendant.**

Civ. A. No. 83–290.

United States District Court, District of Columbia.

May 5, 1983.

---

Thomas Fortune Fay, Olney, Md., and Sol Z. Rosen, Washington, D.C., for plaintiff.

Roger W. Heald and Mahoney, Hogan, Heffler & Heald, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are cross-motions for summary judgment and the entire record herein. Because the parties have been unable to stipulate as to the amount of plaintiff's damages, the Court shall treat the pending motions as motions for partial summary judgment on the question of liability, and shall defer the question of damages. As to liability, because the parties *have* stipulated that the source of the water that damaged plaintiff's goods in this case was a broken water main, the only question is whether water damage from such a source falls within the terms of plaintiff's insurance contract with defendant.

Defendant relies on the language of the insurance contract, which excludes from coverage:

"2. flood, surface water, waves, tidal water or tidal waves, overflowing of streams or other bodies of water . . . ;

3. water which backs up through sewers or drains; or

4. water below the surface of the ground including that which exerts pressure on or flows, seeps, or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors."

Plaintiff argues that these exclusions do not clearly apply to damage caused by a broken water main, and that, under well-established law, all ambiguities in the exclusions must be resolved against the insurer. Plaintiff argues that the exclusion numbered 2 for "flood" is inapplicable here because "flood" has generally been interpreted to refer to natural phenomena, and indeed has been specifically interpreted not to include the rupturing of a water main. *See Ferndale Development Co., Inc. v. Great American Insurance Co.,* 34 Colo.App. 258, 527 P.2d 939 (Colo.1974); *Popkin v. Security Mutual Insurance Co.,* 48 A.D.2d 46, 367 N.Y.S.2d 492 (1975). Plaintiff argues that the exclusion numbered 3 for water backing up from sewers and drains has also been interpreted not to apply to damages caused by a ruptured water main, *see Popkin, supra,* as has the exclusion numbered 4 for water below the surface of the ground.

Certainly, the hardest question is presented by this last exclusion, which has been litigated before. However, as the court stated in *Cantanucci v. Reliance Insurance Co.,* 43 A.D.2d 622, 349 N.Y.S.2d 187 (3d Dep't), *aff'd,* 35 N.Y.2d 890, 364 N.Y.S.2d 890, 324 N.E.2d 360 (1973), with respect to the very language in issue here:

"the exclusion should be construed as applicable to water which is below the surface of the ground as a result of natural causes, and not water which happens to be found below the surface as a result of artificial devices such as pipes. To adopt [a contrary] interpretation would result in an unintended distinction whereby a leak from a plumbing system would be covered if the damaged pipe was above the ground, but would be excluded if the pipe was below the surface. Had the

defendant wished to create such a distinction so as to exclude coverage only for accidental discharge, leakage or overflow which takes place below the surface, it could have done so by express language to that effect."

Defendant attempts to distinguish *Cantanucci* on its facts and also cites one case interpreting the relevant language differently. The Court, however, considers the legal reasoning of *Cantanucci* to be apposite here, and although the Court is not bound to follow *Cantanucci* and the other out-of-state precedents cited by plaintiff, it agrees with their reasoning and shall therefore follow them. In the Court's view, the exclusions relied on by defendant concern water damage from natural phenomena, not the ruptured water main that occurred here.

An order in accordance with the foregoing shall be issued of even date herewith.

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is, by the Court, this 5th day of May, 1983,

ORDERED that partial summary judgment is granted in favor of plaintiff on the question of liability, and it is

FURTHER ORDERED that, if the parties intend to stipulate as to the question of damages, they submit their stipulation on or before May 25, 1983. Otherwise, they should be prepared to proceed to trial on June 13, 1983.