■ PAUL GOODMAN et al., Appellants, v BROOME COUNTY CO-OPERATIVE FIRE INSURANCE COMPANY, Respondent.—Weiss, J. Appeal (1) from an order of the Supreme Court (Harlem, J.), entered May 19, 1987 in Broome County, which, *inter alia,* granted defendant summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiffs commenced this action to recover for water damage on a homeowner's policy of insurance issued by defendant. The facts are essentially undisputed. The policy was in effect when, on March 15, 1986, plaintiffs discovered that a sump pump situated in the basement had malfunctioned, leaving the basement flooded with water. As noted in plaintiffs' brief, the pump was placed in the basement to remove any water that seeped through the foundation walls. After defendant's representative viewed the premises, coverage was denied, giving rise to this lawsuit. Finding that the policy failed to provide coverage for such damage, Supreme Court granted summary judgment in defendant's favor dismissing the complaint (CPLR 3212 [b]). This appeal ensued.

Plaintiffs maintain that the damage was caused by an overflow in a plumbing system, i.e., the sump pump, which is within the policy coverage. Paragraph 15 of the "perils" section of the policy insures against loss due to an *"accidental discharge* or *overflow* of liquids or steam from a *plumbing * * * system"* (emphasis supplied). This coverage is qualified, however, and does not extend to loss "caused by continuous or repeated seepage or leakage". The policy also contains an exclusion of coverage for loss caused by "water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through or into a building * * * foundation * * * or other structure". Here, as Supreme Court observed, it is evident that the water originated from a natural seepage through the basement walls *(compare, Popkin v Security Mut. Ins. Co.,* 48 AD2d 46; *Cantanucci v Reliance Ins. Co.,* 43 AD2d 622, *affd* 35 NY2d 890). Even accepting plaintiffs' premise that the sump pump was part of the plumbing system, the water did not emanate from an "accidental discharge or overflow" from that mechanical device as required by paragraph 15 of the policy. Nor is there any inconsistency between the coverage and exclusion provisions recited above,

for both confirm that coverage is not available for damage occasioned by the continuous seepage of water from natural sources. These circumstances prevailing, Supreme Court properly determined that there was no coverage for the loss asserted (see, *Budd Looms, Inc. v American Cas. Co.,* 43 AD2d 923, *affd* 37 NY2d 738).

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.