(May 20, 1993)

■ QUEST EQUITIES CORP., Appellant-Respondent, v STUART

A. BENSON, Defendant, and WILLIAM LANDBERG, Respondent-Appellant. [598 NYS2d 186] —Order of the Supreme Court, New York County (Carol H. Arber, J.), entered on October 6, 1992, which, *inter alia,* denied plaintiff's renewed motion for summary judgment of liability against defendant William Landberg and for attorneys' fees, costs and expenses of collection, is unanimously reversed on the law to the extent appealed from by plaintiff, the motion for summary judgment against Landberg granted and the matter of attorneys' fees, costs and expenses of collection remanded for an assessment of the appropriate amount, without costs and disbursements.

Plaintiff Quest Equities Corp. extended a $3 million loan to a partnership, Nathan's Equity Group, controlled by defendant William Landberg. The loan was secured by shares of stock held by the partnership in a third-party corporation, as well as Landberg's personal guaranty of payment. When the partnership defaulted on its note payments, plaintiff declared the unpaid balance immediately due, and this action ensued. Thereafter, in an attempt to resolve the dispute between them, plaintiff and defendant entered into a stipulation of settlement pursuant to which Landberg provided Quest with the right to dispose of, or liquidate, the shares, including the public or private sale of the securities. If a deficiency still existed after liquidation of the stock, Landberg would be liable only for any deficiency up to a maximum of $250,000 for any remaining indebtedness to plaintiff. Accordingly, Landberg executed a confession of judgment in the amount of $250,000 and pledged that he would not undertake any action against Quest relating to the stipulation, to the partnership's indebtedness or to his guaranty thereof. He also engaged not to impede Quest's ability to dispose of the shares or reduce their value. Finally, Landberg agreed that if he breached the terms of the stipulation, it would be rendered null and void, and Quest could file the confession of judgment and recommence the litigation against him for the full amount of his guaranty less amount of the confession.

Notwithstanding the foregoing stipulation, Landberg caused the partnership to file for bankruptcy before Quest embarked upon the sale of the stock, thereby effectively precluding disposal of the securities. The instant action ensued. It is defendant's position that the bankruptcy proceeding delayed the sale of the shares rather than impeded it. Moreover, Landberg urges that Quest was obligated to postpone indefinitely the disposal of the stock because a third party, Tricapi-

tal Partners Corporation, was allegedly interested in purchasing the subject shares for an amount greatly in excess of what was owed by the partnership to plaintiff. Defendant also claims that Quest is involved in a vendetta against Landberg, which is not confined to the instant controversy. Indeed, defendant has commenced two separate legal actions against plaintiff that are not directly related to the present matter except that Landberg states in an affidavit that Quest has repeatedly offered to release him from his liability under the guaranty and the confession of judgment in exchange for withdrawing one of the lawsuits and paying some of plaintiff's attorneys' fees in connection with another matter. Landberg asserts, in addition, that "in the face of Quest's unwillingness to take reasonably prudent actions at the time the first Tricapital offer was made, Quest's bad faith efforts with Tricapital and Quest's efforts to sell the Shares at a fire sale price" provided justification for his actions. He also contends that public policy considerations require that plaintiff not be permitted to succeed in its supposedly bad faith undertakings.

In denying plaintiff's motion for summary judgment against Landberg on his guaranty and staying enforcement of the confession of judgment on condition that Landberg post $150,000, the Supreme Court concluded that since defendant argues that plaintiff itself violated the stipulation, an issue of fact was created as to "whether the stipulation of settlement was breached and by whom". This was error. Plaintiff is entitled to summary judgment against Landberg. The agreement between the parties herein contained an express statement that if Landberg took any action that might impede Quest's efforts to recover the amount of the indebtedness from a sale of the shares, then the stipulation would be null and void and Quest could seek to recoup its loan from Landberg personally under the guaranty and obtain the immediate entry of the $250,000 confession of judgment from Landberg. It is axiomatic that, in construing a contract, "[w]here the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Slatt v Slatt, 64 NY2d 966, 967). As the Court of Appeals explained in W.W.W. Assocs. v Giancontieri (77 NY2d 157, 162), "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing".

The stipulation in question here was unambiguous. Defen-

dant, in claiming that the bankruptcy filing merely delayed, rather than impeded, Quest's sale of the shares, is endeavoring to explain away his breach of the agreement by advancing a distinction without a difference. Any standard definition of the word "impede" includes to delay or slow down (see, Webster's New Collegiate Dictionary). It is clear that Landberg interfered with plaintiff's attempted disposal of the stock when the partnership initiated bankruptcy proceedings. Moreover, notwithstanding defendant's contention to the contrary, Quest was under no obligation to exercise any fiduciary responsibility to the partnership. The only relationship between the parties was one of debtor and creditor, and no fiduciary duties are required of a creditor toward a debtor (see, Brigham v McCabe, 27 AD2d 100, affd 20 NY2d 525). The stipulation provided that Quest could carry out the sale at its discretion, and so long as the transaction took place in accordance with the commercially reasonable standards authorized under the Uniform Commercial Code, Landberg would have had no basis for complaint. There is also no merit to his accusation of bad faith on the part of plaintiff. Quest is entitled to enforce the clear terms of the stipulation, and summary judgment should have been directed in its favor. Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.