■ ELLIOT C. R. COOK, Respondent, v DAVID ROZENHOLC & ASSOCIATES et al., Appellants. [642 NYS2d 230] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered October 11, 1995, denying defendants' motion for summary judgment, unanimously reversed, on the law, the motion granted, and the complaint dismissed, with costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint, with costs.

Plaintiff's action for attorney malpractice and breach of contract allegedly arises from defendants' representation of him in a landlord-tenant holdover proceeding in which he was charged with illegally subletting his apartment. Defendants did not represent him in a related nonpayment proceeding. The complaint alleges that in the course of defendants' representation in the holdover proceeding, they failed to comply with three court orders requiring production of documents. As a result of this alleged negligence, the Housing Court struck the answer of plaintiff herein.

Defendants' motion for summary judgment contends that rather than being forced to vacate his apartment after the Housing Court struck his pleading, plaintiff voluntarily entered

into a *pro se* stipulation with the landlord in the nonpayment proceeding, agreeing to move out after six months, in exchange for the landlord's waiver of all claims to rent and arrears. The stipulation expressly stated that plaintiff was not then represented by David Rozenholc & Associates or any other attorney. Defendants established that prior to the stipulation, they had filed an appeal from the Housing Court's order striking plaintiff's answer, arguing that plaintiff had fully complied with the landlord's discovery demands. Plaintiff asserted likewise in his own affidavit seeking to vacate the order. However, defendants withdrew the appeal on plaintiff's behalf after learning of the stipulation.

We conclude that it was plaintiff's independent act of entering into the stipulation that caused the only damage alleged (loss of possession of his apartment), rather than the discovery orders or the court's order striking his answer. The consideration flowing to plaintiff was abatement of rent past due. By entering into the stipulation entirely on his own, plaintiff denied defendants the opportunity to pursue and win the appeal on his behalf. The stipulation in the entirely separate nonpayment proceeding destroyed plaintiff's allegations in the present action that he had lost his apartment as a result of attorney malpractice.

The IAS Court denied defendants' motion for summary judgment, concluding that material issues of fact existed with respect to whether they were still representing plaintiff at the time he entered into the stipulation with the landlord, and whether they had advised him to sign the agreement. This was error. The stipulation itself clearly states that plaintiff was not represented by this specific defendant law firm or any counsel when he signed the agreement. When an agreement is set forth in a clear, complete document, it should, as a rule, be enforced according to its terms. "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). Inasmuch as the stipulation was unambiguous, resort to extrinsic parol evidence is unwarranted (*Quest Equities Corp. v Benson*, 193 AD2d 508). Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.