■ NED K. FORBES et al., Plaintiffs, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. NATIONAL RESTORATION CONTRACTORS, INC., Sued Herein as NATIONAL RESTORATIONS CORPORATION, Third-Party Defendant-Appellant. [708 NYS2d 380] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 8, 1999, which denied third-party defendant National Restoration Contractors' motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

The commercial general liability insurance policy procured by the general contractor, third-party plaintiff New York City School Construction Authority (NYCSCA), which provided general liability coverage to all subcontractors, including third-party defendant National Restoration Contractors (NRC), contained an endorsement providing, "[w]e waive any right of recovery we may have against the [named insured] because of payments we make for injury or damages arising out of 'your work' done under a contract with that person or organization." Bodily injury to an employee of the insured arising out of and in the course of employment by the insured is specifically excluded under the subject policy issued by the AIU Insurance Company. NRC was required to and did maintain its own workers' compensation coverage through a separate policy and AIU has disclaimed coverage to NRC with respect to this suit.

The motion court previously held, and NRC has not disputed, that the anti-subrogation rule does not bar NYSCA's third-party complaint since the AIU policy does not cover NYSCA and NRC for the same risks arising out of plaintiff's accident (*see, Rosato v Koch Erecting Co.*, 865 F Supp 104). We now affirm the motion court's holding that the waiver of subrogation endorsement in the AIU policy does not bar the third-party complaint. The waiver endorsement modifies a subrogation clause in the AIU policy whereby the insurer asserted subrogation rights to "any payment we have made *under this Coverage Part*" (emphasis added). "[A] waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660). Here, the endorsement, by its express terms, modifies the insurer's subrogation rights only to the extent such claims are

covered under the policy. It is undisputed that NRC is not covered by the AIU policy with respect to NRC's employees' injuries, for which NRC is indemnified by workers' compensation, and therefore, the waiver endorsement is inapplicable to bar the third-party complaint (*S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228; *cf.*, *Lim v Atlas Gem Erectors Co.*, 225 AD2d 304). Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.