■ CONTINENTAL INSURANCE COMPANY, as Subrogee of SAMIR BAG CORP., Appellant, v 115-123 WEST 29TH STREET OWNERS CORP., Respondent, et al., Defendant. (And Other Actions.) [713 NYS2d 38] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about January 25, 2000, which granted defendant 115-123 West 29th Street Owners Corp.'s (Owners Corp.) motion to renew its motion for summary judgment dismissing the complaint and plaintiff Continental Insurance Company's (Continental) cross motion to renew its motion for summary judgment dismissing Owners Corp.'s affirmative defense of waiver of subrogation and, upon renewal, granted Owners Corp.'s motion, and directed entry of judgment dismissing the complaint as against Owners Corp., unanimously reversed to the extent appealed from, on the law, without costs, Owners Corp.'s motion denied, Continental's motion granted and the affirmative defense of waiver of subrogation dismissed. Appeal from order, same court and Justice, entered May 13, 1999, which granted Owners Corp.'s motion to renew its prior motion for summary judgment dismissing the complaint and, upon renewal, denied such motion without prejudice, unanimously dismissed, without costs, as superceded by the appeal from the order of January 25, 2000.

Owners Corp. is a cooperative corporation which owns the building designated as 115-123 West 29th Street, New York, New York (the premises). At all relevant times, nonparty Samir Bag Corp. (Samir) operated a leather handbag factory and warehouse on the ninth floor of the premises. Continental, as subrogee of Samir, commenced this action seeking property damages and business interruption losses which resulted from the activation of a sprinkler system due to an alleged fire alarm malfunction.

In 1996, three years after the flooding incident, Samir's principals, Samir Mako, Fouad Mako and Noyo Mako, submitted an "Affidavit of Lost Proprietary Lease" to Owners Corp. in which they attested that they were the direct owners and holders of the relevant shares of the cooperative and of the proprietary lease for the unit in question. The Makos maintained that they had inadvertently lost the lease, that they had "never given, pledged, sold, assigned, transferred or in any other way disposed of said proprietary lease to any person, firm or corporation" and requested a new lease be issued to an entity known as Mako Bros., Inc. (MBI). MBI and Owners Corp. thereafter entered into a new lease.

The relevant language of the lease's Waiver of Subrogation clause (para 4 [d]) provides: "In the event that Lessee suffers loss or damage for which Lessor would be liable, and Lessee carries insurance which covers such loss or damage *and such insurance policy or policies contain a waiver of subrogation against the Landlord, then in such event Lessee releases Lessor from any liability with respect to such loss or damage.*" (Emphasis added.)

The relevant insurance policy, however, does not "contain a waiver of subrogation against the Landlord" which would trigger the above-quoted clause. Rather, the insurance policy simply authorizes the insured to "waive your rights against another in writing * * * [p]rior to a loss." The parties fail to identify any language in the policy that actually effects a waiver of subrogation against the landlord, which is the condition for the release of the lessor. It is well settled that when the terms of an agreement are clear and unambiguous, the court will not look beyond the four corners of the agreement and will enforce the writing according to its terms (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *Quest Equities Corp. v Benson*, 193 AD2d 508, 510). Here, since there is no provision in Continental's policy which constitutes a waiver of subrogation against Owners Corp., the release set forth in the lease is ineffective by is own terms.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.