█ E. LEE MARTIN, INC., Appellant, v SAKS & COMPANY, Respondent. [816 NYS2d 447]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 7, 2005, which, inter alia, granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously modified, on the law, to deny the motion insofar as it is directed at claims based on transactions occurring subsequent to the effective date of the parties' consignment agreement, and the complaint reinstated to the extent of those claims, and otherwise affirmed, without costs.

The release provision contained in the governing consignment agreement clearly and unambiguously provided that, as of

the effective date of the agreement, plaintiff would have no claim or cause of action of any kind against defendant, and that any claims against defendant plaintiff had as of that date would be forever released and discharged. Accordingly, the documentary evidence conclusively established that plaintiff could not proceed against defendant based on a claim that existed as of the agreement's effective date (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 5 [2004]; *Skillgames, LLC v Brody*, 1 AD3d 247, 250 [2003]). In view of the clarity of the release, resort to the extracontractual evidence relied upon by plaintiff in its construction of the release would be unnecessary and in contravention of the parol evidence rule (*see Cook v Rozenholc & Assoc.*, 226 AD2d 311, 312 [1996], *lv dismissed* 88 NY2d 1052 [1996]). Nor would enforcement of the release be substantively unconscionable since the consignment agreement, as a whole, is not unreasonably favorable to defendant (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 12 [1988]).

The release, however, is not dispositive of all of plaintiff's claims. By its terms, it applies only to those claims extant as of the effective date of the consignment agreement; it does not apply to plaintiff's claims respecting merchandise consigned to defendant after the agreement's effective date. Accordingly, we modify to reinstate plaintiff's claims premised on postagreement transactions. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.