■ TOWER RISK MANAGEMENT, Individually and on Behalf of CASTLE POINT INSURANCE COMPANY as Subrogee of GILA BITCHATCHO, et al., Respondents, v NI CHUNP HU, Appellant. [922 NYS2d 780]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 15, 2010, which denied defendant's motion for summary judgment declaring that this action is barred by the waiver of subrogation clause in defendant's lease, unanimously reversed, on the law, with costs, the motion granted, and it is so declared.

The lease agreement between defendant and Gila Bitchatcho contained a waiver of subrogation clause, conditioned solely upon there being in each of defendant's and Bitchatcho's insurance policies a clause permitting a waiver of subrogation. It is undisputed that each policy contained such a clause. Plaintiffs argue that the clause in defendant's policy permitted only a limited waiver of subrogation, which did not satisfy the lease condition. However, the Court of Appeals rejected that argument in *Kaf-Kaf, Inc. v Rodless Decorations* (90 NY2d 654 [1997]), construing nearly identical lease and policy language. Thus, we find that defendant's policy did not limit waiver of subrogation to the areas of the building rented by defendant, and the waiver of subrogation clause in the lease bars this action. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.