Rome Gas, Inc. v Fastrac Props. I, LLC (2021 NY Slip Op 04451)





Rome Gas, Inc. v Fastrac Props. I, LLC


2021 NY Slip Op 04451


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


508 CA 20-01490

[*1]ROME GAS, INC., PLAINTIFF-APPELLANT,
v
FASTRAC PROPERTIES I, LLC, DEFENDANT-RESPONDENT. 






CALLI, CALLI AND CULLY, UTICA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (BRIAN J. BUTLER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered April 24, 2020. The order granted the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking specific performance and monetary damages arising from defendant's alleged breach of a real estate purchase agreement (REPA). The REPA contained a liquidated damages provision, which stated in part: "In the event the Agreement is not closed due to the fault of the Seller [i.e., defendant], the money paid in escrow shall be returned to the Purchaser [i.e., plaintiff]. In such event neither party shall have any further claim against the other." Plaintiff now appeals from an order that granted defendant's motion for summary judgment limiting damages on the first cause of action to the amount paid in escrow pursuant to the liquidated damages provision, and dismissing the second and third causes of action in their entirety.
We reject plaintiff's contention that the liquidated damages provision is unconscionable and therefore unenforceable. A "determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made" (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). Here, the REPA is not procedurally unconscionable given that it was "entered into by sophisticated entities as part of a normal commercial transaction, there is no evidence of deceptive or high-pressure tactics, [the] agreement contains [no] 'fine print,' and there was no disparity in bargaining power" (Mazursky Group, Inc. v 953 Realty Corp., 166 AD3d 432, 433 [1st Dept 2018]). Contrary to plaintiff's assertion, the fact that it was not initially represented by counsel does not make the REPA procedurally unconscionable (see Gillman, 73 NY2d at 11-12). We note in that regard that, even after plaintiff retained counsel and sought to amend various other provisions of the REPA, plaintiff never objected to the liquidated damages provision. Nor can it be said, "[c]onsidering the context, the purpose and the effect of the [liquidated damages] provision . . . , that [such provision] is substantively unconscionable" (Nalezenec v Blue Cross of W. N.Y., 172 AD2d 1004, 1005 [4th Dept 1991]; see Matter of Conifer Realty LLC [EnviroTech Servs., Inc.], 106 AD3d 1251, 1254 [3d Dept 2013]; E. Lee Martin, Inc. v Saks & Co., 30 AD3d 1139, 1140 [1st Dept 2006]).
Contrary to plaintiff's further contention, the remedy of specific performance is barred by the "explicit language in the contract that the liquidated damages provision was to be the sole remedy" in the event of a breach (Rubinstein v Rubinstein, 23 NY2d 293, 298 [1968]; see L.K. Sta. Group, LLC v Quantek Media, LLC, 62 AD3d 487, 493 [1st Dept 2009]; cf. Coizza v 164-50 Crossbay Realty Corp., 37 AD3d 640, 643 [2d Dept 2007]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court