Certain Underwriters at Lloyd's, London v Forty Seventh Fifth Co. LLC (2023 NY Slip Op 00807)

Certain Underwriters at Lloyd's, London v Forty Seventh Fifth Co. LLC

2023 NY Slip Op 00807

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 156417/18 Appeal No. 17323-17324 Case No. 2021-04300 2022-02816 

[*1]Certain Underwriters at Lloyd's, London etc., et al., Plaintiffs-Respondents,
v
Forty Seventh Fifth Company LLC, Defendant-Appellant, Allstate Sprinkler Corp., Defendant.
Forty Seventh Fifth Company LLC, Third-Party Plaintiff-Appellant,
v
Roman Malakov Diamonts Ltd et al., Third-Party Defendants-Respondents, Roman Malakov LLC et al, Third-Party Defendants.

Cozen O'Connor, New York (Jessica Erickson of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Mark Ian Binsky of counsel), for plaintiffs-respondents, Roman Malakov LLC and M&G Diamonds LLC, respondents.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Alexander J. Papa of counsel), for Roman Malakov Diamonds Ltd. and Elize International, Inc., respondents.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about December 28, 2020, which granted the motion of plaintiff Certain Underwriters at Lloyd's, London to dismiss defendant Forty Seventh Fifth Company LLC's eighth affirmative defense of waiver of subrogation, and denied Forty Seventh Fifth's motion for summary judgment dismissing the complaint based on waiver of subrogation, unanimously reversed, on the law, without costs, plaintiff's motion denied, and defendant's motion granted. Appeal from order, same court and Justice, entered on or about April 29, 2022, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment accordingly.
The lease agreement between landlord Forty Seventh Fifth and the tenant, plaintiff Lloyd's insured, contained a waiver of subrogation provision, which was conditioned upon each of those parties obtaining insurance coverage permitting such a waiver. Plaintiff Lloyd's argues that the policy it issued to the tenant permitted only limited waiver of subrogation, which did not satisfy the lease condition because the policy did not allow for waiver of claims against the tenant's landlord.
Contrary to Lloyd's contention, the plain language of the waiver of subrogation clause in its policy permits waiver of claims against "persons or companies," which would include Forty Seventh Fifth (see generally Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]; Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 205 AD3d 76, 81 [1st Dept 2022], lv granted in part, dismissed in part 39 NY3d 943 [2022]). The language is unambiguous and does not expressly limit waiver to companies authorized to wear or carry the tenant's jewelry. While Lloyd's waiver of subrogation clause contains three potentially overlapping categories, allowing the tenant to waive claims against its landlord would not result in any conflict between the categories, or between different clauses. Moreover, and contrary to Lloyd's contention, the contract, when read as a whole, does not evidence an intent to limit "persons or companies" to those which wear or carry the tenant's jewelry.
Lloyd's reliance on the doctrines of ejusdem generis and noscitur a sociis is unavailing. The phrase "persons or companies," as it appears in this clause, is not ambiguous and is not a general term appearing in a list or series of entities which explain the meaning of the phrase (see generally 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 104 [1st Dept 2006]), nor is it necessary to look to the subsequent examples of companies to ascertain the meaning of the phrase (see generally Popkin v Security Mut. Ins. Co. of N.Y., 48 AD2d 46, 48 [1st Dept 1975]). To the extent the listed examples shed any light on the breadth of the phrase, they do not establish that it was meant to be limited only to companies that wear or carry the tenant's jewelry. In any event, Lloyd's proposed interpretation would violate rules [*2]of construction by rendering the third category listed in the clause to be essentially superfluous (see Matter of SIN, Inc. v Department of Fin. of City of N.Y., 126 AD2d 339, 342-343 [1st Dept 1987], affd 71 NY2d 616 [1988]; see also Two Guys from Harrison-N.Y., Inc. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]).
Since the policy issued by Lloyd's to the tenant permitted waiver, we find that the waiver clause in the lease bars this action against Forty Seventh Fifth (see Tower Risk
Mgt. v Ni Chunp Hu, 84 AD3d 616, 616 [1st Dept 2011]), and that the court should have granted Forty Seventh Fifth's motion for summary judgment. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023