| |
|---|
| **Jewelers Mut.l Ins. Co. v Forty Seventh Fifth Co. LLC** |
| 2025 NY Slip Op 30588(U) |
| February 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156554/2018 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART                    57M

*Justice*

--------------------------------------------------------------------------------X

JEWELERS MUTUAL INSURANCE COMPANY AS
SUBROGEE OF JAMES & COMPANY JEWELERS INC.,

|  |  |
|---|---|
| **INDEX NO.** | 156554/2018 |
| **MOTION DATE** | 09/20/2024 |
| **MOTION SEQ. NO.** | 003 |

                        Plaintiff,

- v -

FORTY SEVENTH FIFTH COMPANY LLC, AND,
ALLSTATE SPRINKLER CORP.,

                        Defendants.

**DECISION + ORDER ON
MOTION**

--------------------------------------------------------------------------------X

FORTY SEVENTH FIFTH COMPANY LLC, AND

                        Plaintiff,

Third-Party
Index No.  595884/2020

                        -against-

ROMAN MALAKOV DIAMONDS LTD, ROMAN MALAKOV
LLC, ELIZE INTERNATIONAL, INC. D/B/A ELIZE'S DIAMOND
& FINE JEWELRY, M &G DIAMONDS LLC D/B/A M.G.
DIAMOND,

                        Defendants.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56, 57, 58, 59, 60,
61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75

were read on this motion to/for                         JUDGMENT - SUMMARY                         .

     Defendant Forty Seventh Fifth Company LLC ("Forty Seventh Fifth") moves for

summary judgment pursuant to CPLR 3212 to dismiss this subrogation action on the basis that it

is barred by a valid waiver of subrogation contained in the lease agreement between defendant

and plaintiff's subrogor, non-party James & Company Jewelers Inc. ("James & Co."), as well as

in the insurance policies of both plaintiff and defendant. For the reasons set forth below,

defendant's motion is granted.

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**          **Page 1 of 7**
  **Motion No.  003**

1 of 7

[* 1]

## Background

On January 8, 2018, plaintiff's insured, James & Co., allegedly sustained property damage to its jewelry and store due to water leakage from the ceiling of an adjacent tenant's store. Plaintiff, Jewelers Mutual Insurance Company, compensated James & Co. for its losses and subsequently brought this subrogation action against defendant, Forty Seventh Fifth, alleging negligence in causing the water leak (NYSCEF Doc No. 57 [Plaintiff's Statement of Material Facts ["SOMF"] ¶¶ 4,5).

Defendant argues that plaintiff's claims are barred by the waiver of subrogation contained in the lease between James & Co. and Forty Seventh Fifth. The lease provides that each party must first look to its own insurance for recovery of losses due to fire or other casualties and includes a mutual waiver of subrogation conditioned on the insurance policies permitting such a waiver. Defendant further asserts that both James & Co.'s insurance policy and defendant's insurance policy include unambiguous waivers of subrogation. Plaintiff opposes the motion on three primary grounds: (1) discovery is incomplete, making dismissal premature; (2) the insurance policy language does not explicitly waive subrogation against defendant as the landlord; and (3) public policy concerns weigh against enforcing the waiver of subrogation.

## Discussion

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 [2019]). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016], quoting *Gilbert Frank Corp. v Fed. Ins.*

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**
**Motion No.  003**

Page 2 of 7

[* 2]

*Co.*, 70 NY2d 966, 967 [1988]). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference" (*O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 [2017]).

Subrogation is an equitable doctrine which allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse (*Kaf-Kaf, Inc. v Rodless Decorations, Inc.*, 90 NY2d 654, 660 [1997]; *Winkelmann v Excelsior Insurance Co.*, 85 NY2d 577, 581 [1995]; *American Ref-Fuel Co. of Hempstead v Resource Recycling, Inc.*, 307 AD2d 939, 941 [2d Dept 2003]). Parties to a commercial transaction are free to allocate the risk of liability to third parties through insurance and deployment of a waiver of subrogation clause (*Atlantic Mutual Insurance Company v Elliana Properties*, 261 AD2d 296, 296 [1st Dept 1999]).

In New York, an insurance carrier is barred from maintaining a subrogation claim if the applicable insurance policy permits the insured lessee to waive their subrogation rights to the lessor and the relevant lease agreement contains a waiver of subrogation (*see Atlantic Specialty Ins. Co. v 600 Partners Co., L.P.*, 202 NY Misc. LEXIS 10094 [NY Cty. 2020]; *Tower Risk Mgt. v Ni Chunp Hu*, 84 AD 3d 616 [1st Dept 2011]; *Continental Ins. Co. v 115-123 West 29th St. Owners Corp.*, 275 AD 2d 604 [1st Dept 2000]). Where a party has waived its right to subrogation, its insurer has no subrogation claim for negligence (*Kaf-Kaf, supra*; *Allstate Indem. Co. v Virfra Holdings, LLC*, 124 AD 3d 528 [1st Dept 2015]). A waiver of subrogation provision may not be enforced "beyond the scope of the specific context in which it appears" (*Kaf-Kaf, supra; Forbes v City of New York*, 272 AD2d 221, 221 [1st Dept 2000]).

156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY        Page 3 of 7
Motion No.  003

3 of 7

Here, the lease agreement between James & Co. and Forty Seventh Fifth contains a clear waiver of subrogation provision. Paragraph 9, entitled "Destruction, Fire, and Other Casualty," states:

> "Notwithstanding the foregoing, including Owner's obligation to restore under subparagraph (b) above, each party shall look first to any insurance in its favor before making any claim against the other party for recovery for loss or damage resulting from fire or other casualty, and to the extent that such insurance is in force and collectible, and to the extent permitted by law, Owner and Tenant each hereby release and waives all right of recovery with respect to subparagraphs (b), (d) and (e) above, against the other, or any one claiming through or under each of them by way of subrogation or otherwise. The release and waiver herein referred to shall be deemed to include any loss or damage to the demised premises and/or to any personal property, equipment, trade fixtures, goods and merchandise located herein. The foregoing release and waiver shall be in force only if both releasor's insurance policies contain a clause providing that such a release or waiver shall not invalidate the insurance" (SOMF ¶ 8).

In other words, this paragraph provides that each party shall look first to its own insurance for any recovery due to fire or other casualty and waives all rights of recovery against the other party, provided that the insurance policies of both parties allow such a waiver.

Such waiver provisions are enforceable when, as here, they are agreed upon by sophisticated commercial parties. *In Kaf-Kaf, supra.*, 90 NY2d 654 (1997), the Court of Appeals found that a nearly identical waiver of subrogation clause was valid and precluded a subrogation claim. Likewise, in *State Farm Fire & Casualty Company v Pulse Creative*, LLC, 209 AD3d 570 (1st Dept 2022), the First Department reaffirmed that waiver of subrogation provisions apply to any loss to a tenant's property resulting from covered hazards, absent fraud or other invalidating factors. Here, plaintiff does not argue that the lease was improperly executed or that James & Co. lacked the authority to waive subrogation. Since the lease contains a valid waiver of subrogation clause and plaintiff does not challenge the integrity of the agreement, the lease itself supports dismissal of this action.

Further, as the enforceability of a lease-based waiver of subrogation is contingent on whether the insurance policies permit such a waiver, the Court must turn to the language of the insurance policies. Here, the Court finds that James & Co.'s insurance policy with plaintiff and defendant's own policy both contain unambiguous subrogation waivers. Plaintiff's policy states:

> "If any person or organization to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing: a. Prior to a loss to your Covered Property." (SOMF ¶ 15).

This provision explicitly allows James & Co. to waive subrogation rights in writing before a loss, which it did by signing the lease agreement. Contrary to plaintiff' argument, *Continental Insurance Co. v 115-123 West 29th Street Owners Corp.*, 275 AD2d 604 (1st Dept 2000), does not support a different result. In *Continental*, the policy required an explicit waiver against the landlord, which was not present. Here, no such specificity is required by the lease or the policies.

Similarly, it is undisputed that defendant's insurance policy contains the provision: "This Company will not acquire any rights of recovery that the Insured has expressly waived prior to a loss. No such waiver will affect the Insured's rights under this Policy" (SOMF ¶ 17).[1] Since James & Co. and defendant mutually agreed to waive subrogation rights, and their respective insurers permitted such waivers, plaintiff's claim is barred.

---

[1] Defendant has not provided the policy containing this language. Rather, it has mistakenly attached an unrelated policy issued to an insured named HWI Global Properties LLC c/o Hugh Wood Inc. However, because the facts set forth in a statement of material facts may be deemed admitted unless denied (22 NYCRR 202.8[g][c]), the Court will trust that the language quoted in SOMF ¶ 17 is from the actual policy issued to defendant.

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**   **Page 5 of 7**
**Motion No.  003**

5 of 7

[* 5]

Plaintiff contends that dismissal is premature due to incomplete discovery, relying on *Liberty Mutual Insurance Co. v Perfect Knowledge, Inc.*, 299 AD2d 524 (2nd Dept 2002). However, Liberty Mutual involved a scenario where the party seeking to enforce the waiver of subrogation had violated other insurance procurement requirements under the lease. Here, plaintiff has not alleged any such violations by defendant. The lease requirements were met, and both policies contained permissible subrogation waivers. Thus, discovery is unnecessary. In addition, plaintiff's reliance on *Continental Insurance* is misplaced. Unlike in *Continental*, where the policy failed to waive subrogation against a specific party, the policies here contain broad waiver provisions allowing the insureds to waive subrogation rights before a loss. There is no requirement that the waiver explicitly reference the landlord.

Plaintiff further asserts that enforcing the waiver of subrogation could encourage negligent behavior and increase insurance costs. However, New York courts have routinely upheld such waivers in commercial lease agreements between sophisticated parties (*see Certain Underwriters at Lloyd' London v Forty Seventh Fifth Company LLC*, 213 AD3d 481 [1st Dept 2023]). New York public policy favors enforcing voluntary contractual agreements between parties, particularly when they allocate risk to insurers. There are no allegations of fraud, unconscionability, or unequal bargaining power that would justify overriding the waiver. Accordingly, there is no basis to disregard the parties' freely negotiated agreement.

Accordingly, it is hereby

ORDERED that defendant Forty Seventh Fifth's motion for summary judgment pursuant to CPLR 3212 seeking to dismiss the complaint is granted; and it is further

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY          Page 6 of 7**
  **Motion No.  003**

6 of 7

[* 6]

ORDERED that the action is dismissed, and the clerk shall enter judgment accordingly, and it is further

ORDERED that, within 20 days from entry of this order, defendant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);], and it is further

This constitutes the decision and order of this court.

20250220123245SBKRAUS08DAE83003A649F1B4CBA2237F05CBF9

| **2/20/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

156554/2018  JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY        Page 7 of 7
Motion No.  003

7 of 7

[* 7]