OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 The central issue in these two actions is whether the waiver of subrogation clause contained in the parties’ lease precludes the negligence claims of their subrogated insurance carriers. Concluding that it does, we affirm the orders of the Appellate Division.
 

 Pursuant to a Standard Form Loft Lease, commonly used throughout the State, Kaf-Kaf, Inc. rented two floors of a building located in Hollis, New York, from the owner, Rodless Decorators, Inc. Paragraph 9 of the lease set forth a waiver of subrogation provision, while paragraph 8 permitted the tenant to seek reimbursement for property losses caused by the negligence of the landlord.
 

 In May 1983, a fire of unknown origin damaged both the leased premises and Kaf-Kaf’s personal property. Kaf-Kaf’s insurer, National Union Fire Insurance Company, paid Kaf-Kaf’s claims for, among other things, personal property and business interruption losses. Rodless’s claims for its own losses, including building damage and lost rents, were paid by its property insurer, Industrial Risk Insurers (IRI).
 

 Each insurer then commenced a subrogation action. In its action against Rodless, National Union, as subrogor of Kaf-Kaf, alleged that Rodless was negligent in failing to maintain the sprinkler system, thereby greatly increasing the fire and
 
 *658
 
 water damage suffered by Kaf-Kaf. After ruling on a number of procedural issues, Supreme Court granted Rodless’s motion for summary judgment and dismissed the complaint, holding that the waiver language of paragraph 9 (e) applied to all subrogation actions, including the subrogation action of a tenant’s insurer for damage to the personal property of the tenant. The Appellate Division affirmed.
 

 In the second subrogation action, IRI, as subrogor of Rodless, brought a negligence claim against Kaf-Kaf. Procedural entanglements ensued, but ultimately Supreme Court granted Kaf-Kaf s motion for summary judgment and dismissed Rod-less’s complaint on the basis of the waiver of subrogation clause. The Appellate Division affirmed.
 

 The Lease
 

 Paragraph 9 of the Standard Form Loft Lease entered into by Kaf-Kaf and Rodless, entitled "Destruction, Fire and Other Casualty,” states:
 

 "9. (e) Nothing contained hereinabove shall relieve Tenant from liability that may exist as a result of damage from fire or other casualty. Notwithstanding the foregoing, each party shall look first to any insurance in its favor before making any claim against the other party for recovery of loss or damage resulting from fire or other casualty, and to the extent that such insurance is in force and collectible and to the extent permitted by law,
 
 Landlord and Tenant each hereby releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation or otherwise.
 
 The foregoing release and waiver shall be in force only if both releasors’ insurance policies contain a clause providing that such a release or waiver shall not invalidate the insurance and also, provided that such a policy can be obtained without additional premiums.
 
 Tenant acknowledges that Landlord will not carry insurance on Tenant’s furniture and! or furnishings or any fixtures or equipment, improvements or appurtenances removable by Tenant and agrees that Landlord will not be obligated to repair any damage thereto or replace the same”
 
 (emphasis added).
 

 Paragraph 8 of the lease, entitled "Property — Loss, Damage, Reimbursement, Indemnity,” provides:
 

 
 *659
 
 "8. Landlord or its agents shall not be liable
 
 for any damage to property of Tenant
 
 or of others entrusted to employees of the building, nor for loss of or damage to any property of Tenant by theft or otherwise, nor for any injury or damage to persons or property resulting from any cause of whatsoever nature,
 
 unless caused by or due to the negligence of Landlord, its agents, servants or
 
 employees” (emphasis added).
 

 The Insurance Policies
 

 Pursuant to the lease, Kaf-Kaf purchased an insurance policy with National Union, effective July 15, 1982 to July 15, 1983, providing first-party property damage insurance as well as general liability coverage. The policy, which included an additional insured endorsement naming Rodless as an insured for general liability coverage, contained the following language:
 

 "6. Subrogation
 

 "(a) In the event of any payment under this policy, the Company shall be subrogated to all the insured’s rights of recovery against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.
 

 "(b) The Company shall not be bound to pay any loss if the insured has impaired any right of recovery for loss; however, it is agreed that the insured may:
 

 "(1) as respects property while on the premises of the insured, release others in writing from liability for loss prior to loss, and such release shall not affect the right of the insured to recover hereunder.”
 

 Rodless, in turn, procured a property insurance policy issued by IRI, effective November 3, 1981 to November 3, 1984, which included the following clause:
 

 "D. subrogation — This insurance shall not be invalidated should the Insured waive in writing prior to a loss any or all right of recovery against any party for loss occurring to the property described herein.”
 

 
 *660
 
 Analysis
 

 Subrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse
 
 (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,
 
 68 NY2d 465). While parties to an agreement may waive their insurer’s right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears
 
 (see, S.S.D.W. Co. v Brisk Waterproofing Co.,
 
 76 NY2d 228).
 

 Here, the controversy centers on two points: first, whether the waiver of subrogation contained in paragraph 9 (e) is limited to the demised premises or includes all losses and second, whether paragraph 8 preserves the right to seek subrogation for losses caused by the landlord’s negligénce.
 

 Paragraph 9 (e) of the lease sets forth a waiver of subrogation provision applicable to "any claim against the other party for recovery for loss or damage resulting from fire or other casualty.” We conclude that this broad, plainly stated provision encompasses not only Rodless’s claims for damage to the "demised premises” and loss of rent but also Kaf-Kafs claims for personal property damages and business interruption losses. Although subsections (a) through (d) in this same paragraph specify the "demised premises,” the waiver of subrogation clause in subsection (e) is conspicuously devoid of any mention of the "demised premises.” Furthermore, subsection (e) makes explicit reference to items which clearly do not fall within the definition of "demised premises,” such as "furniture and/or furnishings or any fixtures and equipment, improvements or appurtenances removable by Tenant,” indicating that the application of the waiver clause was not intended to be limited to the "demised premises.”
 

 The waiver provision in subsection (e) reflects the parties’ intention to look first to their insurers for recovery of losses sustained through "Destruction, Fire and Other Casualty,” and to release any right of recovery "against the other or any one claiming through or under each of them by way of subrogation or otherwise.” Subsection (e) also expressly provides that Rodless would not carry insurance on or be obligated to repair or replace any damage to Kaf-Kaf’s personal furnishings, fixtures, equipment, improvements or appurtenances. As such, Kaf-Kafs attempt to look to Rodless’s insurer for the recovery of such damages is inconsistent with the express provisions of
 
 *661
 
 the waiver of subrogation clause. Additionally, both Kaf-Kaf and Rodless, pursuant to that clause, obtained insurance policies which acknowledged the right of the insured to waive the insurer’s subrogation rights. Presumably, in fixing premiums, the insurers considered that they had permitted their insureds to waive their subrogation rights.
 

 The provisions of paragraph 8, wherein Rodless agrees to be responsible for damages to Kaf-Kaf s personal property caused by any negligent act of Rodless, are not inconsistent with the waiver of subrogation clause in paragraph 9 (e). Although Kaf-Kaf could have invoked paragraph 8 to collect any portion of its damages not covered by insurance, here the insurance policy covered all of Kaf-Kaf s damages, and the insurer’s action in subrogation was barred by the waiver provision in paragraph 9. The broad applicability of the waiver of subrogation clause contained in the parties’ lease precludes the negligence claims of both parties’ subrogated insurance carriers.
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed, with cost.