■ SENECA INSURANCE COMPANY, as Subrogee of SULTANA DISTRIBUTION SERVICES, INC., Appellant, v CITY OF NEW YORK, Respondent. [827 NYS2d 27]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 30, 2005, which granted defendant's motion for summary judgment, unanimously affirmed, with costs.

After occupying the subject premises for a number of years as a sublessee under a 2001 lease, Sultana leased the premises directly from defendant. Under this new lease, Sultana accepted the premises "as is," acknowledging its previous occupancy and familiarity with the physical condition. Sultana agreed to take care of the water connections, pipes and mains, inter alia, to the extent they are part of the premises, and to keep, maintain and "make all repairs therein and thereon, interior and exterior, ordinary and extraordinary, foreseen and unforeseen" (§ 13.01). Article 18 of the lease provided that the landlord would not be

liable for any damage to the premises or property caused by "use, misuse or abuse . . . or that may arise from any other cause whatsoever," although the landlord would be liable for damage resulting from its own gross negligence. The lease also held the landlord harmless from all liabilities (art 19), and required the tenant to obtain insurance coverage designating the landlord as an additional insured with a waiver of subrogation (art 8).

After Seneca paid its insured on a claim based on the malfunctioning of the sprinkler system, it commenced this subrogation action against defendant landlord. The court properly granted defendant's motion and dismissed the complaint since Seneca, as a subrogee, stood in the shoes of a tenant that could not avoid the covenants of the lease (*see Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]). Even if the insurance policy did not name the City as an additional insured, such breach by Sultana would not have imposed on defendant any liability for the property damage, and Seneca would have no additional rights against the City.

While the lease does hold the landlord liable for gross negligence and failure to perform certain maintenance and repairs (§ 13.04 [b]), these lease provisions are inapplicable here.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Buckley, P.J., Gonzalez, Sweeny and Catterson, JJ.