Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 30, 2013, which denied third-party defendant Cosi Sandwich Bar, Inc.’s (Cosi) motion for summary judgment dismissing the third-party complaint seeking contractual indemnification, unanimously reversed, on the law, with costs, the motion granted, and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.
Cosi is a restaurant operating out of a commercial space leased from third-party plaintiff 841-853 Broadway Associates, Inc. (Broadway Associates). Plaintiff, Ciprian Brito-Galbez, an employee of Cosi, alleges that he was injured while taking garbage out of the restaurant, when the double doors of the building’s freight entrance slammed on his hand. After plaintiff commenced an action against Broadway Associates and Broadwall Management alleging negligent maintenance of the freight doors, they commenced this third-party action seeking contractual indemnification pursuant to the indemnification clause in the lease agreement between Cosi and Broadway Associates.
Under the lease, Cosi agreed, subject to the waiver of subrogation provision, to indemnify Broadway Associates against liability arising from injury to persons in the demised premises or in connection with its use of the demised premises. In the referenced waiver of subrogation provision, the parties agreed to “release! ] each other . . . from any liability and waive! ] on behalf of its insurer . . . any claim for any loss or damage . . . which loss or damage is of the type required to be covered by the insurance required to [be] maintained by the parties regardless of any negligence on the part of the released persons which may have contributed to or caused such loss or damage.” Further, the parties agreed that Broadway Associates was required to maintain “commercial general liability insurance covering the common areas against claims for bodily injury . . . occurring upon, in or about the common areas,” while Cosi was required to maintain insurance indemnifying Broadway Associates “against any and all claims for injury or damage to persons *550 . . . occurring upon, in or about the Demised Premises.” Thus, the third-party claim for contractual indemnification arising from plaintiffs claim that he suffered bodily injury in the common areas of the building should be dismissed, as Broadway Associates agreed to release Cosi from liability and waived subrogation for damages incurred as a result of a claim arising out of “bodily injury . . . occurring upon, in or about the common areas” (see Kaf-Kaf, Inc. v Rodless Decorations, 90 NY2d 654 [1997]).
Plaintiff s claim for bodily injury that occurred in a common area is “of the type” that is to be covered by insurance that Broadway Associates was required to maintain. Because the indemnification clause is “[s]ubject to the waiver of subrogation,” it has not been triggered under the circumstances here. Accordingly, we need not address the parties’ arguments concerning whether the indemnification clause is void and unenforceable under General Obligations Law § 5-321. Concur— Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.