# United States Court of Appeals
## For the First Circuit

No. 15-2386

PACIFIC INDEMNITY COMPANY,

Plaintiff, Appellant,

v.

JOHN DEMING,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Daniel Q. Harrington, with whom Cozen O'Connor was on brief, for appellant.
Joseph M. Noone, with whom Julie M. Brady and Avery Dooley & Noone LLP were on brief, for appellee.

July 5, 2016

**LYNCH**, **Circuit Judge**.  In this Massachusetts diversity case, plaintiff Pacific Indemnity Company ("Pacific") seeks to recover damages from John Deming as a result of damages Deming caused to a condominium insured by Pacific.  Deming, a tenant, not an owner, of Unit 1801 at 1 Huntington Avenue in Boston, Massachusetts, caused flooding that damaged Unit 1601 in that building.  Pacific, which insured Unit 1601, paid Unit 1601's owners $351,159.01 as a result of the incident and, as Unit 1601's subrogee, sought to recover damages in this amount as well as pre-judgment interest and costs from Deming.

The district court, on cross-motions for summary judgment, granted judgment in favor of Deming and dismissed the case.  Pac. Indem. Co. v. Deming, 140 F. Supp. 3d 152, 162 (D. Mass. 2015).  The district court concluded that Pacific's rights to subrogation were waived based on a clause in the bylaws of 1 Huntington Avenue's condominium trust ("Bylaws") that unit owners "shall carry insurance," and that "all such policies shall contain waivers of subrogation."  Id. at 156–61.

We disagree.  We think the best reading of the plain language of the Bylaws, Master Deed, and Declaration of Trust (collectively "condominium documents"), is that the required waivers of subrogation do not apply to tenants.  However, in any event, Deming presented no evidence that Unit 1601's owners actually waived their insurer's subrogation rights against

- 2 -

tenants. And so, even if the Bylaws did require unit owners to purchase insurance that contains waivers of subrogation as to claims against tenants, Pacific can pursue its claims against Deming. We reverse the district court's order and remand.

I.

The parties have stipulated to the following facts: In 2010, Deming rented Unit 1801 at 1 Huntington Avenue in Boston under a lease with that unit's owner. On May 27, 2013, he fell asleep after turning on the bathtub faucets in the master bathroom. The water from the bathtub overflowed and leaked into the condominium units below, causing considerable damage. Pacific, which insured Unit 1601, paid $351,159.01 to that unit's owners as a result of the incident. The parties stipulate that Deming was negligent in turning on the bathtub faucets and then falling asleep while they were running.

On August 4, 2014, Pacific brought a diversity action in the Massachusetts federal district court seeking to recover the amount it had paid to the owners of Unit 1601.[1] Pacific pled that under its policy,[2] "and otherwise by operation of law, Pacific is

---

[1] The complaint was originally brought against Tabitha Deming, but it was amended on December 19, 2014, to replace Tabitha with John Deming.

[2] Pacific Indemnity's insurance policy contained a section called "Transfer of rights," which stated:

duly subrogated to [Unit 1601 owners'] rights against Deming for the damages."

Deming filed an answer on January 5, 2015, demanding a jury trial and raising several affirmative defenses. On June 18, 2015, Deming filed a motion for summary judgment, arguing, inter alia, that "[t]he waiver of subrogation contained in the plaintiff's insurance policy is enforceable and prohibits the plaintiff's claims against the defendant."

Deming, in support of his motion for summary judgment, took the position that "the obligation to secure insurance policies with such waivers is a requirement of the condominium association" and pointed to the Declaration of Trust of the condominium association, Trinity Place Condominium. The Declaration of Trust provided in Paragraph 3.E of its Bylaws:

> Each Unit Owner shall carry insurance at his own expense for his own benefit insuring, inter alia, his carpeting, wallcoverings other than paint, drapes and other window treatments, furniture, furnishings and other personal property owned by the Unit Owner, and personal liability, and loss assessment coverage, provided that all such policies shall contain waivers of subrogation, and

> All of your rights of recovery will become our rights to the extent of any payment we make under this policy. A covered person will do everything necessary to secure such rights; and do nothing after a loss to prejudice such rights. However, you may waive any rights of recovery from another person or organization for a covered loss in writing before the loss occurs.

> further provided, that the liability of the carriers issuing insurance obtained by the Trustees shall not be affected or diminished by reason of any such additional insurance carried by a Unit Owner.

Deming argued that "[b]y agreeing to the requirements of the condominium association, Pacific's insured purchased an insurance policy that permitted waiving the right of subrogation."

On July 8, 2015, Pacific opposed Deming's motion for summary judgment and filed a cross-motion for summary judgment. It argued, inter alia, that "[b]ecause defendant, who admits that he is a mere tenant of a Unit Owner of the Trinity Place Condominium . . . cannot establish that there is any contractual impediment to plaintiff's pursuit of this subrogation claim against him, plaintiff is entitled to judgment against defendant." Pacific claimed that its policy language, which provided that the insured "may waive any rights of recovery from another person or organization for a covered loss in writing before the loss occurs," was not "self-effectuating" but rather "merely authorized plaintiff's insureds/subrogors to enter into separate agreements which waive subrogation against particular 'persons' or 'organizations.'" Pacific said that Deming "can point to no document indicating that he is such a 'person' who received a pre-loss waiver." Pacific maintained that "the only possibly pertinent language would have to be that contained in Section 3E of the By-Laws," which Pacific contended could not be interpreted to apply

to tenants. Deming opposed the cross-motion on July 29, 2015, and Pacific replied on August 4, 2015.[3]

The district court entered a memorandum and order on October 16, 2015, in which it allowed Deming's motion for summary judgment and denied Pacific's cross-motion. Pac. Indem. Co., 140 F. Supp. 3d at 154. The district court noted that Trinity Place's Bylaws required unit owners to obtain an insurance policy that "shall" contain a waiver of subrogation and concluded that this provision applies to tenants. Id. at 158-60. It held, inter alia, (1) that the Bylaws in the case were covenants that ran with the land, id. at 158, and so "Deming is both bound by and benefits from the waiver of subrogation provision because that provision is one that runs with the land," id. at 159; (2) that "the plain meaning of the Bylaws subjects Deming to the insurance and subrogation waiver imposed on Unit Owners," id.; and (3) that "allowing Pacific to recover from another Unit Owner (or in this case a tenant), because its insured breached his or [her] obligation to obtain insurance containing a waiver of subrogation, would frustrate the clear intent of the condominium By-laws and

---

[3]     The district court then issued an electronic order on September 3, 2015, saying that "[t]he Master Deed states certain provisions 'run with the land,'" and allowing the parties to file supplemental memoranda "addressing the significance, if any, of this language to [their] Motion[s]." The parties did file such supplemental memoranda.

allow Pacific to benefit from its insured's breach, an untenable result," id. at 161.  This appeal followed.

## II.

### A.  Standard of Review

Generally, we review orders granting summary judgment de novo.  Tang v. Citizens Bank, N.A., No. 15-2003, 2016 WL 2946379, at *4 (1st Cir. May 19, 2016).  Here, Deming contends that this should be considered review of a "case stated," and as such, we should review for clear error.  See United Paperworkers Int'l Union, Local 14, AFL-CIO-CLC v. Int'l Paper Co., 64 F.3d 28, 31 (1st Cir. 1995).  Deming is incorrect.

"[U]nder our precedent, in certain, somewhat unusual cases, [the plenary summary judgment] standard does not apply.  In a nonjury case, when the basic dispute between the parties concerns only the factual inferences that one might draw from the more basic facts to which the parties have agreed, and where neither party has sought to introduce additional factual evidence or asked to present witnesses, the parties are, in effect, submitting their dispute to the court as a 'case stated.'"  Id.  In such cases, the district court "may engage in a certain amount of factfinding, including the drawing of inferences," and we review these factual inferences for clear error.  Id.

The case stated doctrine does not apply here.  As an initial matter, while "the actual meaning of a contractual

- 7 -

provision which can <u>reasonably</u> accommodate two or more interpretations should be left to the jury[,] . . . the question whether a provision can reasonably support a proffered interpretation is a legal one, to be decided by the court."[4] <u>Fleet Nat'l Bank</u> v. <u>Anchor Media Television, Inc.</u>, 45 F.3d 546, 556 (1st Cir. 1995).  We review legal conclusions de novo.  <u>United Paperworkers</u>, 64 F.3d at 32.  And to the extent Deming argues that "Pacific seeks to overturn the factual inferences drawn by the District Court," this argument fails.

First, this is not a "non-jury" case.  <u>See</u> <u>García-Ayala</u> v. <u>Lederle Parenterals, Inc.</u>, 212 F.3d 638, 644 (1st Cir. 2000); <u>United Paperworkers</u>, 64 F.3d at 31.[5]  Second, "this circuit and others inquire into the intentions of the parties and the district court judge, as evidenced by the record on appeal." <u>García-Ayala</u>, 212 F.3d at 644.  Here, neither the parties nor the district court exhibited the intent to have the district court resolve their motions as a case stated.  <u>See</u> <u>id.</u> at 644 n.4.  Further, the district court specifically stated the standard for summary

---

[4]    As discussed in Part II.B, <u>infra</u>, the parties do not dispute that contract law applies to interpretation of the condominium documents.

[5]    Deming demanded a "trial by jury on all issues," and this demand "may be withdrawn only if the parties consent," Fed. R. Civ. P. 38(d).  Pacific said that it "would not and does not consent to such a withdrawal," and Pacific is entitled to rely on Deming's jury claim.  <u>See</u> <u>Lamex Foods, Inc.</u> v. <u>Audeliz Lebrón Corp.</u>, 646 F.3d 100, 106 (1st Cir. 2011).

judgment and said that in accordance with this standard, it would view the record in the light most favorable to the non-moving party.

Our review is de novo, "drawing all reasonable inferences in favor of the non-moving party." Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013). As we have repeatedly held, "[o]n an appeal from cross-motions for summary judgment, the standard does not change; we view each motion separately and draw all reasonable inferences in favor of the respective non-moving party." Id.; see also United Paperworkers, 64 F.3d at 31 n.2.

B.    Paragraph 3.E of the Bylaws

"The general rule is well established that upon the payment of a loss the insurer is entitled to be subrogated pro tanto to any right of action which the insured may have against a third person whose negligence or wrong caused the loss." New Eng. Gas & Elec. Ass'n v. Ocean Accident & Guarantee Corp., 116 N.E.2d 671, 683 (Mass. 1953). Here, the Bylaws at Paragraph 3.E, set forth in full earlier, provide that "[e]ach Unit Owner shall carry insurance at his own expense for his own benefit insuring . . . personal property owned by the Unit Owner," and that "all such policies shall contain waivers of subrogation." Importantly, the terms of this clause do not specify the scope of the subrogation rights to be waived.

- 9 -

Reading the document as a whole, we look to Paragraph 3.A.1 of the Bylaws, which appears in the same "Insurance" section of the Bylaws as Paragraph 3.E. Paragraph 3.A.1 discusses the scope of "waivers of subrogation" within the Trustees' insurance: "The Trustees shall be required to obtain and maintain . . . Property Insurance," and "[t]he Property Insurance shall, insofar as practicable, contain waivers of subrogation as to any claim against <u>the Trustees, their agents and employees, Unit Owners, their respective employees, agents and guests</u>." (Emphasis added.) Under its terms, it is clear that property insurance obtained by the Trustees under Paragraph 3.A.1 need not waive the insurer's right to subrogate claims against tenants.

The district court applied Massachusetts contract law to interpret the condominium documents, and the parties do not dispute that contract law applies to interpretation of the condominium documents on appeal. <u>See, e.g.</u>, <u>Hancock</u> v. <u>Chambers</u>, No. 13-P-80, 2014 WL 959702, at *3 (Mass. App. Ct. Mar. 13, 2014) (applying contract principles to interpret condominium documents); <u>cf.</u> <u>Mueller</u> v. <u>Zimmer</u>, 124 P.3d 340, 359 (Wyo. 2005) ("Bylaws are contractual in nature. . . . Unsurprisingly, bylaws are interpreted according to the principles applicable to the interpretation of contracts.").[6] Under contract interpretation principles, the scope

_____

[6] The parties do not dispute that Massachusetts law applies in this diversity case. <u>See</u> <u>Servicios Comerciales Andinos,</u>

- 10 -

of "waivers of subrogation" provided in Paragraph 3.A.1 bears on the interpretation of Paragraph 3.E.  See J.A. Sullivan Corp. v. Commonwealth, 494 N.E.2d 374, 378 (Mass. 1986) ("[E]very phrase and clause must be presumed to have been designedly employed, and must be given meaning and effect, whenever practicable, when construed with all the other phraseology contained in the instrument, which must be considered as a workable and harmonious means for carrying out and effectuating the intent of the parties." (alteration in original) (quoting Charles I. Hosmer, Inc. v. Commonwealth, 19 N.E.2d 800, 804 (Mass. 1939))); cf. Fay, Spofford & Thorndike, Inc. v. Mass. Port Auth., 387 N.E.2d 206, 210 (Mass. App. Ct. 1979) ("[W]hen an essential term of a contract is missing, that contract is ambiguous and it falls to us to interpret the contract sensibly in the light of the terms of the document taken as a whole . . . .").

Here, the inclusion of a specific scope of "waivers of subrogation" in Paragraph 3.A.1 juxtaposed with Paragraph 3.E's mention of "waivers of subrogation" absent any defined scope lends itself to at least three possible interpretations: (1) that Paragraph 3.A.1 provides the outer limit of "waivers of subrogation" in Paragraph 3.E, but that Paragraph 3.E may be less inclusive than Paragraph 3.A.1; (2) that the scope of "waivers of

S.A. v. Gen. Elec. Del Caribe, Inc., 145 F.3d 463, 478 (1st Cir. 1998).

- 11 -

subrogation" in Paragraph 3.E is the same as that of "waivers of subrogation" in Paragraph 3.A.1; or (3) that "waivers of subrogation" in Paragraph 3.E is not limited in scope the way "waivers of subrogation" is in Paragraph 3.A.1, and so could apply to claims against anyone. Pacific argues in favor of the first approach. We think that the first or second approach provides a better reading, as we do not understand the condominium documents to suggest waivers of subrogation would waive claims against anyone. The tenant is not a party to the agreement, and is not named as a party in Paragraph 3.E. See Kaf-Kaf, Inc. v. Rodless Decorations, Inc., 687 N.E.2d 1330, 1332-33 (N.Y. 1997) ("While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears.").

Our reading is consistent with the holdings of two other courts considering like issues, albeit not under Massachusetts law. See Cmty. Ass'n Underwriters of Am., Inc. v. McGillick, No. 09-4891, 2010 WL 5467673, at *4-5 (D.N.J. Dec. 30, 2010) (concluding that condominium bylaw provision requiring "[a]ll policies of physical damage insurance shall contain waivers of subrogation and of any reduction of pro-rata liability of the insurer as a result of any insurance carried by Unit Owners" did not "accrue to the benefit of tenants"); Schiller v. Cmty. Tech., Inc., 78 A.D.2d 762, 763-64 (N.Y. App. Div. 1980). And, as said

- 12 -

in the second case, "[a]lthough the offering plan does not specify to whom the waivers must extend, the reasons for waiving subrogation rights only apply to potential claims against other unit owners . . . . The goal is to insure and protect the condominium owners, and that goal is satisfied without extending the waiver of subrogation to negligent third parties." Id. at 763.

However, we need not resolve the question of Paragraph 3.E's scope nor look to extrinsic evidence because even if 3.E were thought to apply to claims against tenants, it would nonetheless be insufficient to effectuate a waiver of subrogation for reasons we now proceed to discuss.[7]

C.   Unit 1601's Waiver of Subrogation

Regardless of Paragraph 3.E's scope, nothing in the record suggests that Unit 1601's owners actually waived their insured's subrogation rights.

Specifically, Paragraph 3.E of the Bylaws requires unit owners to procure insurance that contains "waivers of subrogation." Pacific's policy includes that the insured "may waive any rights of recovery from another person or organization for a covered loss in writing before the loss occurs." (Emphasis

_____

[7]    The parties also contest whether the Bylaws should be treated as covenants that run with the land. We need not resolve that issue for this same reason.

added.) However, these two documents, even when read together, do not amount to an actual waiver of subrogation. Pacific's policy merely giving the insured the option to waive rights of recovery cannot be read as a waiver of subrogation. And the only way to understand Paragraph 3.E as constituting a waiver of subrogation, as Deming does, is to read the requirement to purchase insurance with a waiver of subrogation as itself being a waiver of subrogation. But that reading is contrary to the plain text, and we reject it.[8] See Gen. Convention of New Jerusalem in the U.S. of Am., Inc. v. MacKenzie, 874 N.E.2d 1084, 1087 (Mass. 2007) ("When the words of a contract are clear, they must be construed in their usual and ordinary sense . . . .").

The district court found that unit owners "were required, unconditionally, to obtain insurance with a waiver of subrogation" and that if Pacific's "insured did not actually obtain insurance with a waiver of subrogation, then at best, its insured breached his or her obligation." Pac. Indem. Co., 140 F. Supp. 3d at 160. Then, adopting the reasoning of a New York Supreme Court case, Allstate Indem. Co. v. Virfra Holdings LLC, No. 155762/2012, 2013 N.Y. Misc. LEXIS 6878 (N.Y. Sup. Ct. July 3, 2013), the

---

[8] We note that there may also be a question of whether Pacific needs to be a party to any writing waiving subrogation. See McGillick, 2010 WL 5467673, at *3. However, Pacific's argument implies that it need not be a party to such an agreement so we do not address the question here.

- 14 -

district court held that "allowing Pacific to recover from another Unit Owner (or in this case a tenant), because its insured breached his or [her] obligation to obtain insurance containing a waiver of subrogation, would frustrate the clear intent of the condominium By-laws and allow Pacific to benefit from its insured's breach, an untenable result," Pac. Indem. Co., 140 F. Supp. 3d at 161.

We disagree that such a result is "untenable" because it is entirely consistent with the plain language of both the insurance policy and the Bylaws. See Wickman v. Nw. Nat'l Ins. Co., 908 F.2d 1077, 1084 (1st Cir. 1990) ("We are bound by this plain language, and we may not distort it in an effort to achieve a desirable or sympathetic result."); cf. MacKenzie, 874 N.E.2d at 1087 ("[W]e do not admit parol evidence to create an ambiguity when the plain language is unambiguous."). Reaching the same result under similar circumstances, the court in McGillick noted that "while the [defendants] may counter-claim for breach of contract, any alleged breach . . . in failing to waive subrogation does not preclude Plaintiff's suit." 2010 WL 5467673, at *3.

And so, under the facts of this case, Pacific is not subject to a waiver of subrogation and can pursue its claims against Deming.

### III.

For the reasons above, the order of the district court is reversed, and the case is remanded.

- 15 -