SECOND DEPARTMENT, NOVEMBER, 2016

(November 2, 2016)

■ AMERICAN SCIENTIFIC LIGHTING CORP., Respondent, v HAMILTON PLAZA ASSOCIATES et al., Appellants. (And a Third-Party Action.) [40 NYS3d 485]—

In an action to recover damages for injury to property, the

defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated January 30, 2014, as denied their motion for leave to amend their answer to assert the affirmative defense of waiver of subrogation and denied that branch of their separate motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Hamilton Plaza Associates.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendants' motion for leave to amend their answer to assert the affirmative defense of waiver of subrogation, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff was a tenant of the defendant Hamilton Plaza Associates (hereinafter Hamilton) pursuant to a commercial lease. The lease provided that the plaintiff was to occupy the entire fourth floor of a building owned by Hamilton. In 2008, the plaintiff commenced this action against Hamilton, among others, alleging that, between October 2006 and November 2007, Hamilton failed to maintain the building's roof, resulting in the plaintiff's constructive eviction. In 2013, the defendants moved for leave to amend their answer to assert the affirmative defense of waiver of subrogation, and separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Hamilton. The Supreme Court denied the motions.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Unger v Leviton*, 25 AD3d 689 [2006]). Here, the Supreme Court erred in denying the defendants' motion to amend the answer to assert an affirmative defense based on the waiver of subrogation provision in the lease between the plaintiff and Hamilton. The defense was not patently devoid of merit, and the plaintiff's claim of surprise and prejudice is unpersuasive considering that it was a party to the lease containing the waiver of subrogation provision (*see Rodless Decorations v Kaf-Kaf, Inc.*, 232 AD2d 620, 621 [1996], *affd* 90 NY2d 654 [1997]). Moreover, the plaintiff was on notice of Hamilton's intention to rely on the provision as a defense by virtue of a prior motion by Hamilton for summary judgment which was denied without prejudice to renew upon the completion of discovery.

However, summary judgment dismissing the complaint insofar as asserted against Hamilton based on the waiver of subrogation provision was properly denied. "Subrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471 [1986]). "While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d at 660).

In its bill of particulars, the plaintiff represented that it is not seeking to recover for damages for which it had been reimbursed by its insurance company. Rather, it was seeking to recover additional damages which were not covered by insurance. Moreover, it is undisputed that the insurance proceeds that were paid to the plaintiff were subject to deductibles in the total sum of $10,000. While Hamilton argues that the plaintiff has insurance coverage for some of the additional damages that it is seeking to recover in this action, it failed to demonstrate, prima facie, the absence of any triable issue of fact as to whether all of those damages were within the ambit of the waiver of subrogation clause. Such failure required the denial of summary judgment, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see also Gap v Red Apple Cos.*, 282 AD2d 119 [2001]; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d 605, 606 [1997]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.