Wilk v Columbia Univ. (2019 NY Slip Op 02968)





Wilk v Columbia Univ.


2019 NY Slip Op 02968


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9034 105784/10 590780/10 590410/11 590789/11 311057/16

[*1]Janina Wilk, etc., et al., Plaintiffs,
v
Columbia University, et al., Defendants. [And Third-Party Actions]
A.C.T. Abatement Corporation, Fourth Third-Party Plaintiff-Appellant,
v
Breeze National, Inc., Fourth Third-Party Defendant-Respondent.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (John F. Watkins of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 18, 2018, which granted fourth third-party defendant's (Breeze) motion to amend its answer to assert, inter alia, the affirmative defenses of waiver of subrogation and antisubrogation and, upon amendment, to dismiss the fourth third-party complaint, unanimously affirmed, with costs.
The main action was commenced after the decedent, while employed by Breeze at a construction site, sustained fatal injuries falling through an elevator shaft window that fourth third-party plaintiff (ACT) had removed and covered with a plastic sheet. The subcontract between Breeze and ACT required ACT to obtain insurance naming, inter alia, Breeze as an additional insured and containing a waiver of subrogation clause in favor of Breeze. ACT obtained such a policy from Century Surety Company.
Summary judgment ultimately was granted to plaintiff, the administrator of the decedent's estate, on the Labor Law claims. In addition, it was determined that ACT was required to indemnify the building owner and construction manager of the project where the accident occurred because the accident arose out of ACT's work and thus fell within the broad language of the contractual indemnification agreement between ACT and Breeze (see Wilk v Columbia Univ., 150 AD3d 502, 503 [1st Dept 2017]). ACT then commenced the fourth third-party action asserting claims against Breeze for contribution and common-law and contractual indemnification.
Breeze's motion to amend its answer to include, inter alia, the affirmative defenses of waiver of subrogation and the antisubrogation rule was correctly granted. ACT failed to show that Breeze's reliance on the same subcontract that ACT relies on has "hindered [ACT] in the preparation of [its] case" or "prevented [it] from taking some measure in support of [its] position" (see Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 655 [1st Dept 2009] [internal quotation marks omitted]). Moreover, as a party to its subcontract with Breeze, ACT cannot claim surprise or prejudice (see e.g. American Scientific Light. Corp. v Hamilton Plaza Assoc., 144 AD3d 614, 615 [2d Dept 2016]).
The fourth third-party action was correctly dismissed on the ground of waiver of [*2]subrogation (see generally Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 471 [1986]). Although ACT is the named fourth third-party plaintiff, Century, as its insurer, is the real party in interest, because it is covering ACT's defense and liability. Thus, the waiver of subrogation must apply to ACT's claims (see Lim v Atlas-Gem Erectors Co., 225 AD2d 304, 306 [1st Dept 1996]; see also Loctite VSI v Chemfab N.Y., 268 AD2d 869, 871 [3rd Dept 2000]).
The complaint was correctly dismissed for the additional reason that permitting ACT to maintain a claim against Breeze, when both are insured by Century, would violate the antisubrogation rule (see North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294-295 [1993]).
We have considered ACT's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK