JBGR, LLC v Chicago Tit. Ins. Co. (2021 NY Slip Op 03448)





JBGR, LLC v Chicago Tit. Ins. Co.


2021 NY Slip Op 03448


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-13829
2018-13831
 (Index No. 35140/11)

[*1]JBGR, LLC, et al., appellants,
v
Chicago Title Insurance Company, respondent.


Oxman Law Group, PLLC, White Plains, NY (Marc S. Oxman and Julie Pechersky Plitt of counsel), for appellants JBGR, LLC, Insure New York Agency, LLC, Hurney WR Golf, LLC, Dempsey WR Golf, LLC, and Walsh WR Golf, LLC.
Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant Elliott WR Golf, LLC.
Fidelity National Law Group, New York, NY (Donald G. Davis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a title insurance policy, the plaintiffs JBGR, LLC, Insure New York Agency, LLC, Hurney WR Golf, LLC, Dempsey WR Golf, LLC, and Walsh WR Golf, LLC, appeal, and the plaintiff Elliot WR Golf, LLC, separately appeals, from (1) an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated November 13, 2018, and (2) an order of the same court, also dated November 13, 2018. The first order, insofar as appealed from, granted that branch of the defendant's motion which was for leave to reargue that branch of its prior motion which was for leave to amend its answer to assert various affirmative defenses and, upon reargument, granted that branch of the prior motion which was for leave to amend the defendant's answer to the extent of permitting the defendant to interpose the proposed thirteenth and fourteenth affirmative defenses. The second order, insofar as appealed from by the plaintiffs JBGR, LLC, Insure New York Agency, LLC, Hurney WR Golf, LLC, Dempsey WR Golf, LLC, and Walsh WR Golf, LLC, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by them, and denied their cross motion for summary judgment on the complaint insofar as asserted by them. The second order, insofar as appealed from by the plaintiff Elliot WR Golf, LLC, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by that plaintiff, and denied that plaintiff's cross motion for summary judgment on the complaint insofar as asserted by it.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In November 2011, the plaintiff Elliot WR Golf, LLC (hereinafter Elliot), and the plaintiffs JBGR, LLC, Insure New York Agency, LLC, Hurney WR Golf, LLC, Dempsey WR Golf, LLC, and Walsh WR Golf, LLC (hereinafter collectively the JBGR plaintiffs), commenced the instant action to recover under a title insurance policy issued by the defendant in 2006 preceding the purchase of certain property being utilized as a golf course. The plaintiffs allege that their plan to construct golf villas on the property was prevented by a 1997 Declaration and Covenants (hereinafter the 1997 Declaration), which limited development of the property to 140 residential units. The 199 Declaration was filed as a condition of a zoning resolution which required that if a golf course was constructed on the property, a declaration limiting residential development would be filed. The title report prepared for the purchase of the property did not list the 1997 Declaration under its Schedule B exclusion list. The plaintiffs claimed that they learned of the 1997 Declaration in 2009, when they were seeking approval to construct additional residential units on the property. The plaintiffs filed a claim under the title insurance policy, and the defendant declined coverage because the 1997 Declaration was not a defect, lien, or encumbrance on title.
In January 2017, after the case had been certified for trial, the defendant moved for leave to amend its answer. In an order dated August 2, 2017, the Supreme Court denied the defendant's motion. The defendant moved, inter alia, for leave to reargue its prior motion for leave to amend the answer, and separately moved for summary judgment dismissing the complaint. Elliot and the JBGR plaintiffs separately cross-moved for summary judgment on the complaint insofar as asserted by each of them. In an order dated November 13, 2018, the court, among other things, granted the defendant leave to reargue, and, upon reargument, granted the defendant leave to amend its answer to assert two additional affirmative defenses based upon the Town's zoning resolution. In a second order, also dated November 13, 2018, the court granted the defendant's motion for summary judgment dismissing the complaint and denied the separate cross motions of Elliot and the JBGR plaintiffs for summary judgment on the complaint insofar as asserted by each of them. Elliot appeals, and the JBGR plaintiffs separately appeal.
The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was for leave to reargue its prior motion for leave to amend the answer to assert additional affirmative defenses (see CPLR 2221[d][2]; 3025[b]). Here, the defendant's delay in moving for leave to amend did not warrant denial of the motion since "'[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Public Adm'r of Kings County v Hossain Constr. Corp., 27 AD3d 714, 716, quoting Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). The court properly granted leave to amend based upon the lack of prejudice to the plaintiffs upon evidence of their direct and specific knowledge of the 1997 Declaration and the 140-lot limitation prior to the purchase of the property (see Rodless Decorations, Inc. v Kaf-Kaf, Inc., 232 AD2d 620, affd 90 NY2d 654), and their notice of the defendant's intention to rely on the zoning defenses in a June 2015 letter (see generally American Scientific Light Corp. v Hamilton Plaza Assoc., 144 AD3d 614).
"Essentially . . . a policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 188). "A policy of title insurance insures 'against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property'" (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d 635, 636, quoting Insurance Law § 1113[a][18]). Since the title insurer's liability to its insured is based, in essence, on contract law, that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy (see Natasi v County of Suffolk, 106 AD3d 1064). In general, a title insurer "'will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage'" (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637, quoting 5A Warren's Weed, New York Real Property, Title Insurance, § 1.03[6] at 15 [4th ed]).
Under the plain terms of the policy, the 1997 Declaration was excluded from coverage because it arose from a zoning regulation (see Nisari v Ramjohn, 85 AD3d 987). Further, while the [*2]1997 Declaration affected the value of the property to the plaintiffs as prospective buyers, it did not affect the marketability of the title, or create a defect, lien, or encumbrance on the title.
The plaintiffs' remaining contentions are without merit or, having been raised for the first time on appeal, are not properly before this Court.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court