## Greenway Mews Realty, L.L.C. v Liberty Ins. Underwriters, Inc.

2024 NY Slip Op 32585(U)

July 25, 2024

Supreme Court, New York County

Docket Number: Index No. 652364/2018

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** __HON. ARTHUR F. ENGORON__ | **PART** 37 |
| *Justice* | |

-----------------------------------------------------------------X

GREENWAY MEWS REALTY, L.L.C. (INTERPLEADER DEFENDANT),

|  |  |  |
|---|---|---|
| **INDEX NO.** | | __652364/2018__ |
| **MOTION DATE** | | __08/18/2023__ |
| **MOTION SEQ. NO.** | | __006__ |

Plaintiff,

- v -

LIBERTY INSURANCE UNDERWRITERS, INC. AND, ILLINOIS NATIONAL INSURANCE COMPANY (INTERPLEADER PLAINTIFF), SENECA INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, LITTLE REST TWELVE, INC.,

**DECISION + ORDER ON MOTION**

Defendants.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 469, 470, 471, 472, 473, 474, 475, 476, 479, 480

were read on this motion to                               DISMISS                             .

Upon the foregoing documents, and for the reasons stated hereinbelow, the motion to dismiss, pursuant to CPLR 3211(a)(1) and (7), is granted.

Background

The Underlying Accident

On October 27, 2005, Jian-Guo Yu ("Yu"), an employee of non-party UAD Group ("UAD"), was injured due to UAD's negligence ("the Accident") in a building owned by interpleader defendant Greenway Mews Realty L.L.C. ("Greenway") and leased to interpleader defendant Little Rest Twelve, Inc. ("LRT"), while performing work pursuant to a construction contract between UAD and LRT. NYSCEF Doc. No. 5.

The lease between Greenway and LRT contained an indemnification clause whereby LRT promised to hold Greenway harmless against claims for personal injuries caused by a contractor performing work for LRT. Id. Similarly, in their construction contract, UAD promised to indemnify LRT against any liability arising out of UAD's negligence. NYSCEF Doc. No. 82.

At the time of the Accident, Greenway, as building owner, had a $1 million primary commercial general liability insurance policy ("the Seneca Primary Policy") from interpleader defendant Seneca Insurance Company ("Seneca") and a $25 million commercial excess and umbrella liability insurance policy ("the Federal Excess Policy") from interpleader defendant Federal

Insurance Company ("Federal"). NYSCEF Doc. Nos. 255, 437. The Federal Excess Policy specifies that "to the extent that [Greenway's] rights to recover all or part of any payment made under this insurance have not been waived, those rights are transferred to [Federal]. At [Federal's] request, [Greenway] will bring suit or transfer those rights to [Federal] and help [Federal] enforce them." NYSCEF Doc. No. 255.

At the time of the Accident UAD, as contractor, had liability insurance from defendants Liberty Insurance Underwriters, Inc. ("LIUI") and Illinois National Insurance Company ("INIC"). NYSCEF Doc. Nos. 95, 339.

### The Underlying Action

In 2005, Yu and his wife ("Yu Plaintiffs") sued Greenway and LRT in New York Supreme Court in an action captioned Jian-Guo Yu and Hui-Di Yu v Greenway Mews Realty LLC et al., Index No. 116885/2005 ("the Yu Action"). In a Decision and Order dated November 24, 2008, the Yu court, pursuant to the indemnification provision in LRT's lease, found that LRT owed contractual indemnity to Greenway. NYSCEF Doc. No. 5.

In a Decision and Order dated December 8, 2009, the Yu court found that Greenway and LRT, as the building owners, were statutorily liable to the Yu Plaintiffs under Labor Law § 240(1). NYSCEF Doc. No. 6.

On or about July 28, 2010, Greenway and LRT commenced a third-party action against UAD ("the Third-Party Action"). NYSCEF Doc. Nos. 373, 440.

In a Decision and Order dated October 25, 2012, the Appellate Division, First Department directed summary judgment in favor of LRT on its contractual indemnity claim against UAD. NYSCEF Doc. No. 7. LRT and Greenway were still statutorily liable to the Yu Plaintiffs, however, and, because LRT was insolvent and had filed for bankruptcy, Greenway was "left holding the bag." NYSCEF Doc. Nos. 6, 441. Because Greenway was only indemnified by LRT, the parties began discussing the transfer of LRT's indemnification rights against UAD to Greenway, so that Greenway could pursue an action against UAD ("the Assignment Agreement").

On May 29, 2013, after initially having been involved in the drafting process for the Assignment Agreement, Greenway's excess insurer, Federal, emailed Greenway and its primary insurer, Seneca, to inform them that it had "no desire to be involved in the [Assignment] Agreement." NYSCEF Doc. No. 453.

On June 13, 2013, Greenway, Seneca, and LRT fully-executed the Assignment Agreement, which granted Greenway and Seneca "the right to proceed against UAD and/or UAD's Insurers to recover all sums paid in the Yu lawsuit, including interest and attorneys' fees." NYSCEF Doc. No. 459. On the same day, Greenway and Seneca transferred the Assignment Agreement to Federal, along with Seneca's $1 million primary limit of liability for Federal's use in settling the Yu Action. Id.

**652364/2018  GREENWAY MEWS REALTY, L.L.C. vs. LIBERTY INSURANCE**
**Motion No. 006**                                                                    **Page 2 of 6**

2 of 6

On August 12, 2013, Greenway and the Yu Plaintiffs settled the Yu Action for $3.3 million, comprised of the $1 million Seneca Primary Policy and $2.3 million of the $25 million Federal Excess Policy (the "Yu Settlement"). NYSCEF Doc. No. 460. As part of the Yu Settlement, Greenway and LRT expressly reserved their right to prosecute the Third-Party Action against UAD. Id.

On January 8, 2014, the Yu court entered judgment in favor of Greenway and against LRT on Greenway's contractual indemnity claim in the amount of $3,424,495.89. NYSCEF Doc. No. 9.

In a Decision and Order dated January 14, 2015, and affirmed by the Appellate Division, First Department in a Decision and Order dated December 3, 2015, the Yu court granted Greenway, as LRT's assignee, contractual indemnity against UAD. NYSCEF Doc. Nos. 10, 11.

On August 15, 2017, the Yu court entered judgment in the Third-Party Action in favor of Greenway, as LRT's assignee, and against UAD in the sum of $4,639,504.82 ("Greenway's Judgment Against UAD"). NYSCEF Doc. No. 4. As Federal did not participate in the Third-Party Action, it was not included in the judgment. UAD failed to satisfy Greenway's Judgment Against UAD.

### The Instant Action

On May 14, 2018, Greenway, as assignee of LRT and sole holder of Greenway's Judgment Against UAD, commenced the instant action to enforce the judgment against defendants, UAD's liability insurers, LIUI and INIC. NYSCEF Doc. No. 1.

On September 21, 2018, INIC commenced an interpleader action ("the INIC Interpleader") against Seneca, Federal, and LRT. NYSCEF Doc. No. 28. On September 28, 2018, LIUI commenced an interpleader action ("the LIUI Interpleader"; collectively with the INIC Interpleader, "the Interpleader Actions") against Seneca, Federal, LRT, and Greenway. NYSCEF Doc. No. 44.

On December 20, 2018, Federal asserted cross-claims against Seneca in the Interpleader Actions for "Constructive Trust Based on Rights of Equitable and Contractual Subrogation" and "Unjust Enrichment," seeking to recover the $2.3 million it paid toward the Yu Settlement. NYSCEF Doc. No. 192.

In a Decision and Order dated July 3, 2019, and affirmed by the Appellate Division, First Department in a Decision and Order dated February 4, 2020, the judge who previously presided over this action, Justice Martin Shulman, granted Greenway summary judgment against defendants (LIUI and INIC) for, inter alia, $4,639,504.82, the principal sum of Greenway's Judgment Against UAD. NYSCEF Doc. Nos. 286, 308.

In a Decision and Order dated January 11, 2021, and affirmed by the Appellate Division, First Department in a Decision and Order dated December 14, 2021, this Court acknowledged that Greenway is entitled to judgment against defendants in the instant action, but denied Greenway's

**652364/2018 GREENWAY MEWS REALTY, L.L.C. vs. LIBERTY INSURANCE**
**Motion No. 006**

**Page 3 of 6**

3 of 6

motion for an order directing entry of Greenway's Judgment Against UAD because of unresolved interpleader action subrogation cross-claims. NYSCEF Doc. Nos. 373, 385.

The Instant Motion

On August 16, 2023, Seneca moved, pursuant to CPLR 3211(a)(1) and (7), to dismiss Federal's cross-claims in the Interpleader Actions or, alternatively, pursuant to CPLR 3212, for summary judgment granting Seneca's cross-claim against Federal. NYSCEF Doc. No. 433.

Seneca argues that Federal has no right, either by of subrogation or a constructive trust, to whatever LIUI and INIC owe Greenway. NYSCEF Doc. Nos. 434, 467. In support, Seneca provides, inter alia: the Federal Excess Policy insuring Greenway as a building owner; April 2011 emails from Federal to Greenway's counsel expressing Federal's desire to settle the Yu Action; a May 29, 2023 email from Federal to Greenway and Seneca notifying them of Federal's decision to opt out of the Assignment Agreement; and a June 13, 2013 email to Federal with the final Assignment Agreement fully-executed by LRT, Greenway, and Seneca. Id.

In opposition, Federal argues, inter alia, that it did not waive its contractual and equitable subrogation rights, and that it is entitled to a constructive trust based on the $2.3 million it paid toward the Yu Settlement, because the payment unjustly enriches Seneca and because Federal paid out in reliance on Greenway's promise, pursuant to the Federal Excess Policy, to transfer recovery rights based on payments made by Federal. NYSCEF Doc. No. 476.

In reply, Seneca argues, inter alia, that: Seneca did not attempt to "dupe" Federal; no court has determined whether Federal has a right of recovery; Federal has no equitable or contractual rights against Seneca; Federal waived its right to indemnity from UAD and UAD's liability insurers by opting out of the Assignment Agreement and Third-Party Action; and because Federal opted out of the Third-Party Action, it did not bear any expenses or assume any risks, and, thus, should not be permitted to recover from Greenway. NYSCEF Doc. Nos. 479, 480.

Discussion

Dismissal pursuant to CPLR 3211(a)(1) is warranted where "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." Leon v Martinez, 84 NY2d 83, 87-88 (1994). Dismissal pursuant to CPLR 3211(a)(7) is warranted when, "afford[ing] the pleadings a liberal construction, tak[ing] the allegations of the complaint as true and provid[ing] plaintiff the benefit of every possible inference," the complaint fails to assert facts that would make out a cause of action. EBCI, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 (2005).

Waiver is "a voluntary and intentional relinquishment of a known right." Albert J. Schiff Assoc., Inc. v Flack, 51 NY2d 692, 698 (1980) (internal citations omitted).

Unjust enrichment claims are "rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 (2012) (internal quotations and citations omitted). To prevail on an unjust

652364/2018  GREENWAY MEWS REALTY, L.L.C. vs. LIBERTY INSURANCE
Motion No. 006

Page 4 of 6

enrichment claim, a plaintiff must prove that: "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Id.

Subrogation, whether equitable or contractual, "allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse." Kaf-Kaf, Inc. v Rodless Decorations, Inc., 90 NY2d 654, 660 (1997) (internal citations omitted). As such, "the insurer can only recover if the insured could have recovered and its claim as subrogee is subject to whatever defenses the third party might have asserted against its insured." Fed. Ins. Co. v Arthur Andersen & Co., 75 NY2d 366, 372 (1990) (internal citations omitted).

Here, Federal is not entitled to Greenway's Judgment Against UAD, because Federal has no right to indemnification against UAD and Federal was not a party to the Third-Party Action. The Federal Excess Policy is clear that Greenway's indemnification rights are transferred to Federal upon Federal's request, not automatically. For this reason, Federal needed to request that Greenway assign LRT's indemnification rights against UAD in the Assignment Agreement to Federal and also to participate in the subsequent Third-Party Action as an indemnitee in order to be entitled to recover. By unequivocally opting-out of the Assignment Agreement and subsequent Third-Party Action, Federal knowingly, voluntarily, and intentionally relinquished its right to Greenway's Judgment Against UAD. Thus, Federal waived any right of recovery.

Federal is also not entitled to the imposition of a constructive trust, because Seneca is not being unjustly enriched. Federal, as Greenway's excess insurer, paid $2.3 million in the Yu Action toward settlement on behalf of Greenway. Seneca, as Greenway's primary insurer and an indemnitee of UAD, litigated the Third-Party Action against UAD to satisfy its duty to insure Greenway, resulting in Greenway's Judgment Against UAD, to which Seneca is therefore entitled as Greenway's subrogee. Because Federal elected not to be a plaintiff in the Third-Party Action, and Seneca funded the Third-Party Action without Federal contributing, Seneca is not being unjustly enriched at Federal's expense, and justice does not demand the creation of a constructive trust. Thus, the imposition of a constructive trust is inappropriate.

Federal also has no subrogation right against Seneca, because Greenway has no such right against Seneca. When "stand[ing] in the shoes" of Greenway, Federal has no subrogation right against Seneca because Seneca is not a third party whose wrongdoing caused a loss to Greenway. Federal cannot recover in subrogation against Seneca, a co-insurer, because Greenway would not be able to recover in subrogation against Seneca. Moreover, Federal has no right of recovery in subrogation against Seneca because Seneca is a co-insurer and not a third-party wrongdoer.

In the final analysis, although Federal did not do anything wrong, did not insure a wrongdoer, and did pay out $2.3 million toward the settlement, they waived their right to Greenway's Judgment Against UAD by expressly opting out of the Assignment Agreement and subsequent Third-Party Action.

This Court has considered the parties' other arguments and finds them to be unavailing and/or non-dispositive.

652364/2018   GREENWAY MEWS REALTY, L.L.C. vs. LIBERTY INSURANCE
Motion No. 006

Page 5 of 6

5 of 6

Conclusion

Thus, the instant motion, pursuant to CPLR 3211(a)(1) and CPLR 3211(a)(7), to dismiss the interpleader cross-claims of Federal for Constructive Trust Based on Rights of Equitable and Contractual Subrogation and Unjust Enrichment, is granted and, accordingly, the Clerk is hereby directed to enter judgment dismissing Federal's cross-claims against Seneca in the interpleader actions.

HON. ARTHUR F. ENGORON

_____
**7/25/2024**
DATE

_____
**ARTHUR F. ENGORON, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**652364/2018   GREENWAY MEWS REALTY, L.L.C. vs. LIBERTY INSURANCE**
Motion No. 006

Page 6 of 6

6 of 6